GERTRUDE MARIANACCI, Petitioner, *v.* JOSEPH MARIANACCI, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, October 15, 1937.

*Irving F. Cohen,* for the petitioner.

*Louis Bertcher,* for the respondent.

PANKEN, J. This matter came on before me on an application by the respondent for a modification of the order heretofore made herein. In the course of the hearing upon that application it developed that the respondent seeks the vacating of the order made.

This proceeding was commenced by a petition made by the petitioner for the support of herself and her minor child.

No testimony was submitted in support of the application by the petitioner. At the time the matter came on for a hearing, the respondent entered into an agreement whereby he undertook to contribute some thirty dollars monthly for the support of the

petitioner and her child. Upon that agreement the order sought to be vacated was made by a justice at that time presiding in the Family Division of the court in the borough of Manhattan.

In the agreement heretofore referred to, the respondent acknowledges the petitioner as his wife. That is an admission. There is no doubt that some time in the year 1921 the petitioner and the respondent were married. The validity of that marriage is now disputed. The admission by the respondent of the fact that the petitioner is his wife, though he had made a statement to the interviewing probation officer when the matter first came to the attention of the court, that he had no capacity to contract a valid marriage with the petitioner in 1921, that statement of incapacity had no legal force. In fact it was negatived by his admission in the agreement upon which the order was made.

In face of the claim made by the respondent that he was married in Italy in the year 1911 and that the marriage then consummated had never been dissolved and that his wife to whom he was married in Italy is still living and is now consorting with him, if that claim of his is substantiable by proof, he was not as a matter of law capable of entering upon a valid marriage with the petitioner in 1921. The marriage contracted in 1921 in this State, under such proof, would upon the proof of a prior and continuing valid marriage be void *ab initio.*

It follows as a matter of law that no order could be made in this court for the support of the petitioner if the conventional relationship of husband and wife did not and does not exist. The respondent is, nevertheless, under obligation to support his dependent child. The offspring of the marriage entered into by the petitioner in good faith cannot be deemed to be an illegitimate child. That would be utterly unjust and immoral. The mother of this child relied upon the representation made by the respondent to her that he had capacity to enter upon a valid marriage, as did the authorities solemnizing the marriage. A marriage ceremony took place and the marriage, according to law, was entered into. The fact that the respondent had no capacity to enter into a lawful marriage, and the consequence of that, should not be visited upon an innocent child.

The court has the power to vacate or modify its orders. Subdivision 16 of section 92 of the Domestic Relations Court Act of the City of New York provides that the court has the power " To modify or vacate any order issued by the court."

Upon all of the facts as herein set forth, I conclude that the respondent is entitled to an opportunity to submit proof of the invalidity of the marriage upon which he has entered with the

petitioner and upon adequate proof submitted establishing the facts alleged by him, the court has the power to vacate the order in so far as the petitioner is concerned. The order would in face of a void marriage have no legal force. It would be a nullity.

If this marriage by the petitioner and the respondent was void, the court would be justified in setting aside or vacating the order heretofore made upon an agreement in which the respondent specifically acknowledges the petitioner as his wife. That which is void cannot be cured by an assertion of validity. That which the law prohibits cannot be made permissive by the acts of individuals. The law does not recognize polygamous marriages and the court will not, by even indirection, sanction or acquiesce in such marriage.

Let the application be set down for a hearing before the justice presiding in the Family Division of the court, borough of Manhattan, on the 26th of October, 1937.