CAULDWELL-WINGATE COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 3, 1937.

*Oren Clive Herwitz* of counsel [*Alvin McKinley Sylvester*, with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Copal Mintz* of counsel [*Tashof & Smith*, attorneys], for the respondent.

UNTERMYER, J. The plaintiff is a contractor, who in 1924 entered into a contract with the defendant for the construction of a public building in the borough of Brooklyn. At the completion of the work there was concededly payable to the plaintiff under the contract the sum of $86,673.18. The plaintiff, however, claimed an additional sum of $38,336.65 for certain alleged breaches of contract on the part of the defendant, which had increased the cost of performance. On May 24, 1927, the plaintiff nevertheless accepted final payment under the contract of $86,673.18, and at the same time executed and delivered to the defendant a release which purported to reserve to the plaintiff the right thereafter to assert its claim for breach of contract.

In 1930 the plaintiff commenced an action against the defendant in the Supreme Court, New York county, to recover for these alleged breaches of contract. In that action the defendant interposed the defense, among other defenses, that by the provisions of article LIII of the contract acceptance by the plaintiff of the final payment operated as a release and discharge of any claim for damages. That article provided: " The acceptance by the Contractor of the final payment aforesaid shall be and shall operate as a release to the President, the City, and each official and employee, representative and agent thereof from all claim and liability to the Contractor for anything done or furnished for, or relating to the work, or for any act or omission of the President, the City or any person relating to or affecting the work, except only the claim against the City for the remainder, if any there be, of the amounts kept

or retained as provided in this contract and for interest, if any, on the final payment." On the trial of the action, upon a motion for a directed verdict made by both parties, the court dismissed the complaint, holding, principally upon the authority of *MacArthur Bros. Co.* v. *City of New York* (177 App. Div. 725; affd., 224 N. Y. 629), that acceptance of final payment under the contract precluded the maintenance of the action, and that the situation was not changed by the inclusion by the plaintiff in its release of the reservation of a right which by the express terms of the contract had been surrendered in accepting final payment. The judgment entered was successively affirmed by this court (*Cauldwell-Wingate Co.* v. *City of New York*, 242 App. Div. 626) and by the Court of Appeals (269 N. Y. 539). Thereafter the plaintiff instituted the present action in equity.

The complaint in this action alleges the contract between the parties under which the plaintiff on May 24, 1927, had earned the sum of $86,673.18, which the defendant was ready and willing to pay. It alleges further that the plaintiff in the performance of the contract had suffered damages caused by various acts of the defendant amounting to $38,336.65, which, however, the defendant was not willing to allow, recognize or pay. It is then alleged that, in accepting payment of $86,673.18 on May 24, 1927, the plaintiff acted upon information imparted to it by a duly authorized disbursing clerk in the office of the comptroller of the city of New York, " in good faith and in the belief that the same were true," that acceptance of the final payment would not, under the practice and rules prevailing in the office of the comptroller and under the law, prejudice the plaintiff in asserting its claim for damages of $38,336.65, provided there was inserted a reservation to that effect in the release to be simultaneously executed. It is alleged that such a reservation was thus inserted in the release and that the payment of $86,673.18 was accepted upon the mutual understanding that it would not operate to prejudice the plaintiff in asserting its claim for damages. Nevertheless, it is alleged that the defendant, in the action thereafter instituted by the plaintiff to recover upon that claim, interposed the final payment as a defense and succeeded in defeating the plaintiff exclusively on that ground. The relief now demanded is the rescission of " the plaintiff's receipt and acceptance, on or about the 24th day of May, 1927, of the $86,673.18 hereinabove mentioned and rescinding the release which plaintiff delivered to the defendant and which the defendant accepted on said 24th day of May, 1927," and further " awarding plaintiff judgment for said $38,336.65 with interest thereon."

The defendant moved to dismiss the complaint upon two grounds: (1) Under rule 106 of the Rules of Civil Practice, upon the ground that the complaint did not state facts sufficient to constitute a cause of action in that an erroneous representation of law made in good faith by the defendant would not justify the rescission of the transaction by which the plaintiff received final payment under the contract; and (2) under rule 107, that there was an existing final judgment on the merits determining the same cause of action between the parties. We need address ourselves on this appeal only to the second branch of the motion, for in our opinion it furnishes a conclusive answer to the plaintiff's claim. In doing so we assume, without deciding, that the facts stated in the complaint are otherwise sufficient to constitute a cause of action.

When the defendant by its answer in the previous action set up the final payment as a complete defense, the plaintiff was afforded the opportunity to litigate every issue affecting that defense which could be asserted either " by traverse or avoidance " as circumstances might require. (Civ. Prac. Act, § 243.) All issues litigated in that action pertaining to the effect of the final payment on the plaintiff's right to damages for breach of contract, or which, though not litigated, could have been asserted then (*Reich* v. *Cochran*, 151 N. Y. 122; *Jordan* v. *Van Epps*, 85 id. 427; *Pray* v. *Hegeman*, 98 id. 351), are *res adjudicata* between the parties for all future time. The plaintiff, therefore, could not content itself with litigating merely the effect of the final payment together with the reservation in the release and withhold for future use the equitable considerations now relied on which, if then asserted, would, as we assume, have been destructive of that defense. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) Since those equitable considerations — that the final payment was received by the plaintiff under a mistake of law which was induced by the defendant — could have been litigated in the previous action in refutation of the defense then interposed (Civ. Prac. Act, § 262; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 id. 285), they are not available now as a cause of action to accomplish the same result. (*Patrick* v. *Shaffer*, 94 N. Y. 423; *Clemens* v. *Clemens*, 37 id. 59; *House* v. *Lockwood*, 137 id. 259; *Gates* v. *Preston*, 41 id. 113; *Blair* v. *Bartlett*, 75 id. 150.) Whether the plaintiff failed then to assert those contentions because it thought them to be of dubious merit or whether it did not think of them at all, is not important. In either event the defendant, having established the final payment as a complete defense to the plaintiff's claim for breach of contract, cannot be required to litigate the same issue again. (*Steinbach*

v. *Relief Fire Ins. Co.*, 77 N. Y. 498; *Allen* v. *United States Fire Ins. Co. of N. Y.*, 245 App. Div. 31; affd., 270 N. Y. 597.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.