LINLEY MERRITT, Respondent, *v.* THOMAS W. MERRITT, Appellant.

First Department, April 5, 1940.

*Mortimer Scheffler*, for the appellant.

*James Hall Prothero* of counsel [*Alice E. Trubin* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

UNTERMYER, J.   On March 4, 1939, a marriage ceremony was performed in the State of Virginia which purported to unite the petitioner and the appellant in marriage.   The parties returned to New York city, where controversies soon developed which resulted in their separation.   The petitioner then instituted a proceeding in the Family Court, Borough of Manhattan, to require the appellant to support her on the theory that she was likely to become a public charge.   After a hearing the appellant was directed to pay eight dollars each week for the petitioner's support and maintenance.   An application subsequently made by the appellant for a rehearing on the ground that his marriage to the petitioner was void because he had a wife living at the time of their marriage, was denied.

The present appeal is from the order of the Family Court which denied the defendant's motion for a rehearing.   It is the claim of the appellant that under section 91 of the Domestic Relations Court Act the Family Court did not have jurisdiction to require him to support a woman who was not his wife.   We think that since that issue could have been litigated at the hearing in Family Court and was necessarily determined then, it is no longer available to the appellant.

No appeal having been taken by the husband from the order directing him to pay eight dollars each week for the petitioner's support, we are now limited to a consideration of the question of the jurisdiction of the Family Court which includes " jurisdiction within the city to hear and determine all proceedings to compel the support of·a wife, child or poor relative." (Dom. Rel. Ct. Act, § 91, subd. 1.)   In the exercise of that jurisdiction the issue must necessarily arise whether the petitioner is the wife or the child or a poor relative of the person who is charged with the duty of support.   That issue like other issues of fact must be determined by the court which is authorized to hear the proceeding.   When, therefore, the Family Court by awarding support to the petitioner determined after a hearing (Dom. Rel. Ct. Act, § 128) that she was a person entitled thereto under section 91, its finding that the parties were married was as conclusive on both as was the adjudication of any other issue of fact.   (*Fischer* v. *Langbein*, 103 N. Y. 84; *People ex rel. Kuhn* v. *P. E. House of Mercy*, 133 id. 207; *Matter of Sussman* v. *Sussman*, 242 App. Div. 843.)   If that issue had been contested and the court had found the relationship to exist, its determination would be conclusive on the parties; if uncontested by the person liable to pay support, then, all the more, should the determination not be disturbed in the absence of newly-discovered evidence.   (*Fisher* v. *Hepburn*,

48 N. Y. 41; *Reich* v. *Cochran*, 151 id. 122.) Otherwise, we place in a favored position the party who fails to controvert an issue of fact by according him the opportunity of a second contest if he is defeated on the other questions in the case. Moreover, if it be conceded that jurisdiction depends on the existence of the relationship rather than on the finding of the court that the relationship exists, then that question may be relitigated not only once but many times with the result that the order directing support may be treated as a nullity if another court or judge shall find that the relationship does not exist. It has now been once decided that these parties are married. There is no reason to believe that two such decisions would be more binding than one.

In the present case the court had jurisdiction to entertain the proceeding because it was of a class which by the statute (Dom. Rel. Ct. Act, § 91) it was authorized to " hear and determine." (*People* v. *Sturtevant*, 9 N. Y. 263; *Wilcox* v. *Jackson*, 13 Pet. 498.) It had jurisdiction over the parties by their presence before the court. The case is unlike *Matter of Walker* (136 N. Y. 20) where the proceeding was of a character which the court had no authority to entertain under any circumstances. Such a judgment is a nullity; it is unavailing for any purpose and may be challenged collaterally at any time. (Black on Judgments, §§ 170, 246, 278 and cases cited.) No such condition exists here. The Family Court had power to decide whether support should be awarded to the petitioner and, as incidental thereto, whether the parties were married at that time. The petition alleged that the petitioner " is the wife of Thomas Merritt, the respondent named herein; that petitioner was duly married to said respondent on or about March 4, 1939, at Manassas, Virginia." At the hearing in the Family Court, the petitioner testified: " Q. Are you the wife of Thomas Merritt? A. Yes, I am. Q. When were you married? A. March 4, 1939. Q. Where were you married? A. In Manassas, Virginia." The respondent, although represented by attorney, did not controvert these allegations nor this testimony. On the contrary, he testified: " Q. When were you married, Mr. Merritt? A. On March 4, 1939, at Manassas, Virginia; 12 o'clock, noon, on a Saturday. * * * Q. Is this your first marriage? A. No. Q. Is it your second or third marriage? A. Why, I would term this my second marriage." Although upon this evidence the court was required to find that the petitioner was the wife of the respondent, it is now asserted that the husband is entitled to a rehearing of that issue in order to establish that he was never divorced from his first wife, and accordingly was never married to the petitioner. There is no suggestion of " newly-discovered evidence," but only of a

" newly-discovered theory " of defense, which could have been presented at the proper time. There is no suggestion of a change in circumstances which would warrant the court in exercising its power under subdivision 16 of section 92 of the Domestic Relations Court Act, " to modify or vacate any order issued by the court." Nothing more is disclosed than a desire on the part of the appellant to try anew an issue which has previously been tried, for no other reason than that he withheld from the court facts of which he was then cognizant. If this may be done, then such proceedings, and others of like character, will never be concluded by any judgment or order, however final it may appear to be. (*Cauldwell-Wingate Co.* v. *City of New York*, 252 App. Div. 559; affd., 278 N. Y. 477.)

The order appealed from should be affirmed.

O'MALLEY, TOWNLEY and COHN, JJ., concur; GLENNON, J., dissents and votes to reverse.

GLENNON, J. (dissenting). The appellant in company with the petitioner on March 4, 1939, went to Manassas, Va., where they were married. After the wedding breakfast, which took place in Washington, D. C., they returned to New York. That evening the petitioner concededly resumed her work as a housemaid in order to finish out the period for which she had contracted and to give her employer an opportunity to replace her. Subsequently the parties resided together. Seventeen days after the marriage ceremony was performed, the petitioner concededly left the appellant's home. The excuse she assigned for so doing was indeed very flimsy.

The appellant on his part asserts that the marriage was never consummated, whereas, the petitioner claims that it was. The latter instituted a proceeding in the Family Court, Borough of Manhattan, to compel the appellant to support her on the theory that she was likely to become a public charge. After a hearing, the appellant was directed to pay to the petitioner the sum of eight dollars a week for her support and maintenance. Thereafter a rehearing was set for October 23, 1939. About a week later the attorney for the appellant was notified by the clerk of the court that the application for a rehearing was denied.

It is the contention of the appellant that the court, at the time the original order of support was made, did not have jurisdiction of the subject-matter of the controversy since the conventional relationship of husband and wife did not then exist under the provisions of section 91 of the Domestic Relations Court Act of the city of New York. He based his claim upon the fact that in

1920 he had married another woman in the State of New Jersey and that marriage never having been dissolved, and his first wife being still alive, it was in full force and effect on March 4, 1939, at the time petitioner and appellant presumably were married in the State of Virginia.

' If the statements contained in the affidavit of appellant are true, then the marriage which was entered into between the petitioner and appellant was void and consequently the Family Court had no jurisdiction to make the order of which appellant complains. That the court had power to vacate the original order cannot be denied since section 92, subdivision 16, of the Domestic Relations Court Act gives ample authority.

While it may be contended that the appellant should have raised the question which he now urges at the time the original hearing was held, still, since it relates to the subject-matter of the controversy, he is not estopped even now. In *Matter of Walker* (136 N. Y. 20) Judge MAYNARD said in part: " The objections to this decree are jurisdictional. The consent of the parties is not sufficient to avoid their fatal effect. Wherever there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party." (See, also, *Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315; *Davidson* v. *Ream*, 178 App. Div. 362, and *McConnell* v. *Williams Steamship Co., Inc.*, 239 id. 393; affd., 265 N. Y. 594.) If the Virginia marriage was void, the Family Court did not have jurisdiction to make the order providing for support. Under the circumstances a formal hearing should have been had in order for the court to determine, upon the evidence, whether or not the parties to the proceeding actually entered into a valid marriage. A question somewhat analogous to the one here presented arose in *Marianacci* v. *Marianacci* (164 Misc. 467). There Judge PANKEN, after reviewing the facts, said in part: " Upon all of the facts as herein set forth, I conclude that the respondent is entitled to an opportunity to submit proof of the invalidity of the marriage upon which he has entered with the petitioner and upon adequate proof submitted establishing the facts alleged by him, the court has the power to vacate the order in so far as the petitioner is concerned. The order would in face of a void marriage have no legal force. It would be a nullity."

The order appealed from should be reversed and the matter remitted to the Family Court for a hearing.

Order affirmed.