JUANITA REMY, Petitioner, *v.* JOSEPH REMY, Respondent.

Domestic Relations Court of New York, Family Court, New York County, November 18, 1941.

*Jacob S. Schneider,* for the petitioner.

*Clifford I. Odwak,* for the respondent.

PANKEN, J.   Section 92 of the Domestic Relations Court Act of the City of New York particularizes the powers conferred upon the Domestic Relations Court of the City of New York and the Family Court, a division thereof.   Subdivision 16 of section 92 grants the power " to modify or vacate any order issued by the court."

The respondent seeks on this motion a hearing " on the question of relationship between petitioner and respondent and for such other and further relief, etc."

The facts germane to this application are that on or about the 26th of June, 1940, the petitioner presented to this court a petition for an order requiring the respondent to support her in a sum which may be deemed fair and reasonable.   On the same day the petitioner and respondent entered into an agreement whereunder the respondent undertook to pay to the petitioner weekly the sum of ten dollars for her support.   That agreement was presented to the court and after it was acknowledged before the court an order was made embodying the agreement between the parties and requiring the respondent to contribute the sum of ten dollars weekly for the support of the dependent named in the agreement beginning June twenty-eighth of the same year.

The petition alleges that the respondent and petitioner had entered upon a common-law union.   The agreement heretofore referred to admits the liability by the respondent for the support of his wife.

The respondent had no hearing before the court. The petitioner in her affidavit in opposition to the application avers that the respondent had a hearing and he admitted that she was his common-law wife and that this order was entered directing him to support her. Evidently she is in error when she avers that there was a hearing.

In the Family Court of the Domestic Relations Court of the City of New York the probation department has a division which affords parties the opportunity to confer with the probation officers. The probation officers in the division are charged with the duty, wherever possible, to adjust differences between quarreling husbands and wives or children and parents, reconcile, if that is possible, and bring about agreements where reconciliation is impossible. It was as the result of a confereuce with a probation officer that the agreement heretofore referred to was entered into between the parties and upon which the order made rests.

To determine the application presented on this motion the court must pass upon the question as to whether or not the respondent had had a hearing.

It is axiomatic that every person against whom a claim is made is entitled to his day in court, and that means a hearing before a duly constituted judicial tribunal. That is a right, but it may be waived. Parties to a litigation may submit their grievances upon an agreed state of facts or on stipulation as to the character of the judgment or order to be entered. The latter method was followed by the parties herein. The agreement is a stipulation between them as to the rights of the parties and the order to be entered charging the one for the benefit of the other.

I am cognizant of the fact that many of the parties who are brought into the Family Court or the Domestic Relations Court of the City of New York are not versed in the law; no more so than millions of others. The maxim that ignorance of the law is no excuse and which maxim implies that every one is charged with knowledge of the law does not hold good. Lawyers must repair to the many books before they ascertain the law on a given question. Judges consult authorities as well as statutes in order to acquaint themselves with the law on given questions. Men and women who have not made a study of the law, its philosophy, its development or decisions and statutes are even in a less favorable position than are lawyers and judges.

The respondent in this case did not know that under section 131 of the act he was entitled to be represented by counsel and that had he had a hearing before the court he would have been advised of that fact. The section reads: " At the commencement of a hear-

ing under the provisions of sections one hundred and twenty-eight and one hundred and twenty-nine, or of a trial under the provisions of section one hundred and thirty, the court shall inform the respondent of his right to the aid of counsel at every stage of the proceeding and before any further proceedings are had; * * *."

In this case no hearing was had before the court. *Merritt v. Merritt* (259 App. Div. 242; appeal dismissed, 285 N. Y. 561; Id. 743) does not apply in this case. While the order made by the court amounts to a judgment of the court though it has been entered as a result of an agreement between the parties, the respondent has not had his day in court and the rule laid down that a litigant may not have a rehearing unless he is able to show that he has discovered new evidence where the parties had no opportunity to submit any evidence, the rule, it seems to me, is not applicable. I have had occasion to express my views in *Camhi v. Camhi* (25 N. Y. Supp. [2d] 559), as well as in *Marianacci v. Marianacci* (164 Misc. 467), cited in the dissenting opinion in the *Merritt* case by Mr. Justice GLENNON.

The respondent has made an admission against interest in the agreement he entered into with the petitioner on the 26th of June, 1940. That may militate against him in a trial. From his affidavit it appears that the parties before me have not held themselves out to be Mr. and Mrs. Remy. As a matter of fact, they have held themselves out to be Mr. and Mrs. Nagle.

On the affidavits before me, justice requires that the respondent be given his day in court and a hearing in which he might be afforded the opportunity to cross-examine the petitioner as well as afford the petitioner an opportunity to cross-examine the respondent.

The order heretofore made is continued and the application of the respondent is granted.

Let the clerk of the court set the case down for a hearing.