Rose Boslov, Plaintiff, *v.* Morris Boslov, Defendant.

Supreme Court, Monroe County, December 6, 1941.

*Jacob Gitelman,* for the plaintiff.

*Paul V. Huston,* for the defendant.

Lapham, J. This is an application by the defendant under section 522 of the Civil Practice Act for an order setting aside a decree of separation in favor of the plaintiff on account of an error of fact not arising upon the trial of the separation action. The error of fact which is urged by the defendant is that the marriage of the plaintiff and the defendant was void because at the time of this marriage the defendant had a wife living from whom he had not been legally divorced. The plaintiff, for her part, asks for an allowance for counsel fees to resist this application.

On April 18, 1940, a judgment of separation was given in favor of the plaintiff against the defendant and the plaintiff was awarded the sum of ten dollars a week for her support and maintenance. The answer which the defendant had originally interposed in the action for separation was withdrawn and a stipulation was made between the parties and their attorneys on April 4, 1940. In the stipulation the defendant admitted that he was married to the plaintiff on January 13, 1938, in Erie, Pa., and that on February 13, 1940, the defendant left the plaintiff and had since that time

refused to live with her. The defendant agreed to make weekly payments of ten dollars for the plaintiff's support and maintenance and the plaintiff agreed to accept this amount as adequate for her support. Payments were made on this basis after the entry of the judgment of separation, and in August, 1941, the defendant moved to reduce the amount of the alimony. This motion was denied.

On this application the defendant asserts that he was married to Helen Ginsburg in Cleveland, Ohio, on May 10, 1933, and that on March 11, 1936, she, on her petition, obtained a decree of divorce against him in Ohio. He was not personally served with process in this action, did not appear personally or by attorney, and was at the time a resident of New York State. In August, 1936, he learned of the divorce and obtained a certified copy of the decree of divorce. He asserts that he thought he was free to remarry and that he married the plaintiff on this assumption.

In the face of these facts I believe that the defendant's motion to vacate the decree of separation should be denied. The validity of the marriage which the plaintiff in an action for separation must prove was not contested at all by the defendant. In the stipulation which he made with the plaintiff he admitted the marriage in Pennsylvania and acknowledged his liability to pay the plaintiff a weekly sum for her support and maintenance. Payments were made to her under this stipulation and under the decree and it was only after negotiations between the plaintiff and defendant for a reduction of the alimony had been fruitless and after the defendant's application to reduce the amount of the weekly payments had been rejected by the court that the defendant moved directly against the decree of separation. All the facts about the invalidity of the marriage which the defendant now advances were known to him at the time of the separation action but he chose to withhold them from the court. He did not default in the action. He was represented by an attorney and full opportunity was given to him to dispute the validity of the marriage. In the absence of any newly-discovered evidence the determination that the marriage was valid should not be disturbed. (*Merritt* v. *Meritt*, 259 App. Div. 242; appeal dismissed, 285 N. Y. 561.)

In the *Merritt* case the Appellate Division of the First Department affirmed an order of the Domestic Relations Court of the City of New York denying the motion of the husband for a rehearing of his application to set aside an order directing him to pay a weekly sum to his wife for her support. The husband had applied for a rehearing on the ground that his marriage to the petitioner was void because he had a wife living at the time of their marriage. The

husband in his testimony on the initial hearing had admitted his marriage to the petitioning wife. The court, after referring to this testimony, said (pp. 244, 245): " Although upon this evidence the court was required to find that the petitioner was the wife of the respondent, it is now asserted that the husband is entitled to a rehearing of that issue in order to establish that he was never divorced from his first wife, and accordingly was never married to the petitioner. There is no suggestion of ' newly-discovered evidence,' but only of a ' newly-discovered theory ' of defense, which could have been presented at the proper time. * * * Nothing more is disclosed than a desire on the part of the appellant to try anew an issue which has previously been tried, for no other reason than that he withheld from the court facts of which he was then cognizant. If this may be done, then such proceedings, and others of like character, will never be concluded by any judgment or order, however final it may appear to be."

The case of *Kroner* v. *Kroner* (23 N. Y. Supp. [2d] 670), on which the defendant relies, has no application here. In that case the defendant alleged that the petitioning wife was not competent to marry and that she knew this.

Errors of fact not arising upon the trial of an action may be of an infinite variety but they cannot, in my judgment, be stretched so far as to include a failure to present a defense based upon facts which were known to the party at the time of the original action. The finality of judgments from which no appeal has been taken cannot be so easily overthrown.

I am not convinced, however, that the plaintiff needs an allowance for counsel fees to enable her to resist the defendant's motion. Her application for such fees is, therefore, denied, without costs. The motion of the defendant to vacate the decree of separation is denied, with ten dollars costs to the plaintiff.

Let order enter accordingly.