EOMIE ANDREWS, Petitioner, *v.* ANDREW ANDREWS, Respondent.

Domestic Relations Court of the City of New York, Family Court, Bronx County, October 22, 1945.

*Cornelius. McDougald* for respondent.

*Ignatius M. Wilkinson, Corporation Counsel (Rose Schneph* of counsel), for petitioner.

PANKEN, J. The New York City Domestic Relations Court Act (L. 1933, ch. 482) limits the jurisdiction of the court it creates. Subdivision 1 of section 91 reads as follows: " The family court shall have (1) Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife * * *." The powers of the court applicable herein are set forth under section 92 of the Act. Subdivision 1 thereof reads: " To order support of a wife or child or both * * *." Sub-

division 16 of section 92 confers upon the court power " To modify or vacate any order issued by the court."

Inquiry as to the validity of a marriage is incident to the exercise of the powers conferred upon this court. A finding that there was no marriage or that there was a marriage is not *res judicata* insofar as it affects the rights of the parties, except in a determination of this court to order support of a wife or deny same.

The application before the court is for an order to vacate an order herein made for the support of the petitioner and for a rehearing. Under subdivision 16 of section 92 hereinbefore referred to, this court has the power to vacate the order herein.

The facts are: A petition was presented to the court by the petitioner to require the respondent to support her and their child. An order was made requiring said respondent to contribute the sum of $13 weekly for the support of the petitioner and the child. The order herein was made after hearings had before one of the justices of this court.

The basis for this application is that there was no valid marriage between himself and the petitioner; he contends he had no capacity to enter upon a binding lawful marriage with petitioner since at the time of the alleged marriage he was a married man and the woman to whom he was married was then living.

No testimony was submitted to the court either on the 25th of May or on the 11th day of June, 1945, that the respondent claimed that at the time he married the petitioner he then had no capacity to so do. The probation officer who was assigned to make the investigation prior to the hearing had on the 21st day of May, 1945, did report to the court that Andrews claimed that he was not legally married to petitioner, that he had a wife then living and that he had never been divorced from her. It was also reported by probation officer that respondent was then, that is at that time, living with a third woman. The report by probation officer is not evidence for it is not submitted to the court as testimony given under oath. Investigations by probation officers in the Family Division of the Domestic Relations Court of the City of New York may be considered by the court after a trial is had. It is never regarded, nor can it be so regarded, as evidence upon which the court may predicate its determination and make a decision thereon.

The court is aware of the opinion in the case of *Merritt* v. *Merritt* (259 App. Div. 242, appeal dismissed 285 N. Y. 561).

A party to a litigation may not obtain leave to retry a pro-

ceeding already disposed of on the claim that he had failed to submit to the court facts which if he had submitted then would have resulted in different determination. Leave will be given to a party to submit additional testimony or for a new trial if it is shown to the court that evidence has been newly discovered, and if such evidence had been in the possession of such party and submitted to the court at the trial or hearing a determination other than the one arrived at would have resulted. That is the rule referred to in the *Merritt* case *(supra)*. Evidence which was within the ken of the moving party or evidence which the moving party should have known before or during the trial but did not avail himself of, is no ground for a court to afford a litigant the right to have a new trial.

In the instant case there is no question but that the respondent knew that he had no capacity to enter upon a valid marriage with petitioner. Indeed, he now claims that not only did he know that he had no such capacity but petitioner herein was aware of the fact that he had no capacity to enter upon a lawful marriage with her. She, he claims, was aware of the fact that at that time he was a married man, that his wife was living, that he had never been divorced from his first wife, and that he was still legally bound to his first wife. Under ordinary circumstances the rule laid down in the *Merritt* case *(supra)* would be applicable. Is it applicable in the instant case?

To say that the rule in the *Merritt* case *(supra)* is applicable on every application for a rehearing on grounds sufficient to affect, had the facts been presented, the original determination, particularly on an application for rehearing to substantiate the fact that the marriage which is the basis upon which the petitioner seeks support is void *ab initio,* is to validate a relationship which never existed and give force to a contract which was never made. That is not my understanding of the determination in the *Merritt* case *(supra)*. In that case, the question as to whether or not there was a valid marriage between the parties was passed upon by the Trial Justice. Under oath the respondent in that case acknowledged that the petitioner therein was his wife by a second marriage. The Appellate Division, in the prevailing opinion, quotes the testimony of the respondent. The issue of fact was whether or not there was a valid marriage presented to the Trial Justice in the proceeding, and the determination was had thereon.

To validate a void marriage, to give effect to that which is void in law — because the validity of the marriage was not

put in issue — runs counter, I believe, to public policy. Assume that, as is claimed in this case by the respondent, he had no capacity to enter into a valid marriage because he was a married man and his first wife was living at the time the alleged marriage ceremony took place and that there was issue of the first marriage as well as there was issue of the alleged marriage, consequences of serious nature would arise as to the rights of the issue of both marriages if the second marriage is validated. No doubt the issue of the second alleged marriage could be legitimatized under our law by a decree of a court of competent jurisdiction. In the absence of such legitimatization during the life of such respondent, it is problematic whether that could be effected after his demise.

The respondent here avers that the petitioner at the time he entered into the marriage contract with her, knew of his incapacity to enter upon a lawful marriage. He claims that she knew he was at that time a married man, and that his wife was living. She denies that. He was asked: " Question by the court: Did she learn you were married before or after you married her? Respondent: She knew before I married her. She knew my first wife. The court: Is that true? (Asking Petitioner) Petitioner: No; he is lying. The court: You know now he was married to Christine Williams? Petitioner: Yes. The court: And she was his wife at the time you married him? Petitioner: Yes, I knew it when we were married. The court: You knew she was his wife at the time you married him? Petitioner: Yes."

These statements were not under oath. That raises an issue of fact to be determined. If the respondent can establish what has been related to me on the argument of the motion, the marriage between the parties before me was void. And the respondent here should be given an opportunity to establish that fact.

The Domestic Relations Court of the City of New York is a court of limited jurisdiction. It has no powers other than those conferred by the act creating it. Its jurisdiction cannot be extended by interpretation of the act. That is specifically provided for in the act. The jurisdiction of this court as between husband and wife is clearly set forth in subdivision 1 of section 91. The powers this court has to impose the obligations on a spouse to support a wife are set forth clearly and specifically in subdivision 1 of section 92. In both instances the act provides that the court has jurisdiction to " determine all proceedings to compel the support of a wife " and the power

" To order support of a wife ". To acquire jurisdiction of the parties, it must be established that the petitioner is the wife of the respondent to empower the court to require support of such wife by her spouse, as an incident to the jurisdiction conferred upon the court to inquire as to whether or not the person seeking support is a wife, and to enable the court to make an order for her support.

*Querze* v. *Querze* (290 N. Y. 13) : The Court of Appeals in the above-cited case, pertinent on the facts in the instant case, said (p. 17) : " * * * A void foreign divorce decree will preclude the spouse who obtains it from asserting in our courts a private claim or demand arising out of the marriage * * * such a decree will have no effect upon the right of either spouse to a full adjudication * * * upon * * * the existing marital status ".

The court in the *Merritt* case (259 App. Div. 242, affd. 285 N. Y. 561, *supra*) held that the Domestic Relations Court had jurisdiction to entertain the proceeding " because it was of a class which by the statute * * * it was authorized to ' hear and determine ' * * *. The Family Court had power to decide whether support should be awarded to the petitioner and, as incidental thereto, where the parties were married at that time." (*Merritt* v. *Merritt, supra*, p. 244.)

The respondent in the *Merritt* case (*supra*) was asked the following question, " Is this your first marriage? " Answer, " No ". Question, " Is it your second or third marriage? " Answer, " Why, I would term this my second marriage." It is evident from the reading of the opinion delivered for the majority of the court that the case was decided on the basis that the question, as to whether or not the marriage between the parties was valid was before the Domestic Relations Court of the City of New York and in that court passed upon.

The theory upon which an appeal was taken from the Domestic Relations Court of the City of New York in the *Merritt* case (*supra*) was that the court had no jurisdiction in that petitioner was not the lawful wife of the respondent. According to the opinion of the appellate court the question of the validity of the marriage between the parties in that case was passed upon.

The Corporation Counsel refers me to the case of *Krause* v. *Krause* (282 N. Y. 355) arguing that petitioner would be entitled to support by the rule laid down in that case.

The defendant in the *Krause* case (*supra*) was estopped from setting up as a defense to the plaintiff's claim for support the

fact that he had no capacity to enter upon a valid marriage. The court said (p. 360): "It is conceded that the estoppel which is invoked against the present defendant is not a true estoppel as that term is ordinarily understood, although the effect is the same in the case at bar." At another point in its opinion the majority of the court said (pp. 359–360): "We cannot lose sight of the fact that the present defendant was himself the party who had obtained the decree of divorce which he now asserts to be invalid and repudiates in order that he may now disown any legal obligation to support the plaintiff, whom he purported to marry. To refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred." The court, having unlimited jurisdiction, can and is required by law not only to do justice according to law between parties but, as it did, invoke the theory of estoppel. "To have that done which of right be done." Unfortunately the Domestic Relations Court of the City of New York has not unlimited powers.

In the case at bar, the respondent asserts that petitioner knew that he had no capacity to be married when the marriage ceremony was performed between them and upon which she now relies. The petitioner denies that. That becomes a question of fact. If the petitioner did know that the respondent had no capacity to be married and entered upon marital relationship with him after a ceremonial marriage, she cannot be relieved of her wrongdoing. Indeed, she should not be rewarded for her acceding to a bigamous marriage.

Under the statute as amended creating the Domestic Relations Court of the City of New York, a petition will lie by the mother of the child for its support.

There is issue in this case; the child in any event is entitled to support from the respondent. Subdivision 6 of section 101 reads: "A child born of parents who at any time prior or subsequent to the birth of said child shall have entered into a ceremonial marriage shall be deemed the legitimate child of both parents for all purposes of this act regardless of the validity of such marriage."

The fact that the ceremonial marriage had been entered into is admitted by both parties.

To confer jurisdiction on the Family Division of the Domestic Relations Court of the City of New York in a proceeding for

the support of a petitioner, the status of the parties in relation to each other must be ascertained and established by evidence. If the conventional relationship of husband and wife fails of proof, the court cannot assume jurisdiction. The right of the petitioner to be provided for by the respondent rests squarely upon the status of the parties. That seems to me to be axiomatic.

This application came on before me without notice of motion first having been given to the petitioner. The Corporation Counsel submitted a memorandum in opposition to the application.

On the argument and the facts alleged and the law, the application is granted.

The order hereinbefore entered is to continue in full force and effect until a final determination is had. Settle order on notice.