Harold Tessler, J.
By order to show cause dated October 31, 1960 plaintiff moved for leave to docket a judgment in the sum of $2,750, the arrears of support for the months of September and October, 1960, due under a judgment of separation dated February 5, 1959, and for ancillary relief. By order to show cause dated November 22, 1960, the defendant moved pursuant to section 552 of the Civil Practice Act to vacate that judgment, for a new trial, and also to direct the plaintiff “ to make restitution of all moneys paid to or received by her pursuant to said judgment, including counsel fees.”
The defendant claims that the plaintiff divorced him in the Supreme Court, State of New York, Borough of The Bronx, and since they had never remarried, the basic prerequisite for a matrimonial decree — the existence of a valid marriage at the time of its rendition—was not present and, therefore, the judgment of separation has no legal basis.
The defendant claims that the marriage alleged in the complaint to have occurred on March 27, 1934 was a religious ceremony and that the parties were in fact married in New Castle, Westchester County, New York, on August 29, 1934; that the plaintiff thereafter obtained an interlocutory judgment of divorce in Bronx County on November 2,1934 which became final on February 2, 1935, and that the parties did not subsequently remarry. In fact, claims the defendant, he married another woman on March 9,1935 in Easton, Pennsylvania, and lived with her as man and wife until their marriage was terminated by a divorce decree against him rendered in New York County Supreme Court in 1940. Subsequently, however, and until the plaintiff brought this action, the defendant admits that he lived with her as man and wife, and that out of this relationship two *950 children were born, whom he acknowledges as his and asserts that he intends fully to discharge his obligations to support and maintain them. While admitting that when he answered the complaint by his attorneys he ‘1 was fully aware at that time of the falsity of plaintiff’s allegation concerning the marital status of the parties, he [claims that he] was prevailed upon by plaintiff because of the children not to deny the allegation as to the marital status of the parties.”
In the consideration of each motion, the court has read the proofs submitted by the parties in both motions, as well as all the papers on file in the action in the office of the County Clerk of Queens County, Index No. 4198/1958. It appears therefrom that this action was originally vigorously contested by the defendant through a firm of attorneys. His answer, verified May 12, 1958, denied all but 3 of the 10 allegations of the complaint, verified April 16, 1958. By failure to deny, he admitted (1) that plaintiff was a resident of Queens County, (2) that the parties were married in the County of Bronx, City of New York, on March 27, 1934, and (3) that the issue of this marriage were two named children, the boy then 11% years of age and the girl 7, There was a motion by defendant for an order of preclusion and to vacate plaintiff’s notice to examine him before trial as to his 1 ‘ ability to support and maintain the plaintiff and infant issue of the marriage, from the year 1955 up to the commencement of the action.” The motion to vacate the notice was granted on August 22, 1958 for the reason that since the fight to a separation was contested, the defendant could not be examined as to his financial ability to support his family, until the plaintiff had established her right to relief. The motion to preclude was denied because in the meantime the plaintiff had served a verified bill of particulars.
The case was tried on January 20,1959, One of the attorneys of the firm of attorneys fepfesenting the defendant was present but did not cross-examine, but the minutes reflect the fact that a confefence had taken place between counsel and the' parties With respect to the support and maintenance to be paid to the plaintiff and the children, and that it had been agreed, subject to the court’s approval, that the sum of $16,500 per year would adequately support and maintain the plaintiff and the children. Plaintiff stated that this was acceptable and when her attorney asked the attorney representing the defendant for a concession that the latter was then able and capable of paying said sum for the support and maintenance of his wife and two children, he answered ‘ ‘ based on his current income the answer is that he is able to make that payment,”
*951 On January 22, 1959 the attorneys for the plaintiff served proposed findings and judgment of separation. On January 26, 1959 the attorneys for the defendant served cross-proposed findings and judgment of separation. On the same day the attorneys for the defendant wrote the court in part as follows:
“ We are submitting herewith a Cross Findings of Fact and Conclusions of Law and a Cross Judgment of Separation in order to protect the rights of our client, the defendant in this separation action which was tried before you without any defense on January 20th after a compromise had been discussed at length in your Chambers.
“We respectfully submit that the proposal by plaintiff’s attorneys with regard to the split of the alimony between the plaintiff and the two children is in direct variance with the agreement that the entire sum would be paid to the plaintiff thus enabling the defendant to obtain a tax benefit on the entire sum paid. As a matter of fact, no mention of splitting the alimony with the children was ever suggested, nor does such appear on the record of the trial. Further, the compromise at the sum of $16,500.00 was consented to by the defendant following the urging of plaintiff’s attorney who advised that such increase over the $12,000.00 annually now being paid by defendant voluntarily to plaintiff would mean very little financial loss to him because he could take tax advantage of the entire sum.”
The court signed the findings and judgment submitted by the defendant’s attorneys. The defendant paid the plaintiff the counsel fee provided in said judgment and the monthly payments of support from January 20, 1959 until he defaulted commencing with the September, 1960 payment.
There is no question that the parties were duly married in New York State, first civilly and then by a religious ceremony and that the plaintiff obtained a New York divorce against the defendant which became final on February 2,1935. The defendant admitted in his verified answer the allegations concerning the existence of the marriage, and now admits in his affidavit in support of his motion to vacate the decree that he was “ fully aware at that time of the falsity of plaintiff’s allegation concerning the marital status of the parties ”. He also admits in said affidavit that subsequent to his being divorced from another woman ‘£ in 1940, plaintiff and deponent lived together continuously in New York City as man and wife, but never remarried, up until plaintiff brought this action for separation.” He thus admits that from 1940 until the commencement of this action in 1958 he and the plaintiff lived *952 together continuously as man and wife, but in New York City. The record shows, however, that he lived with the plaintiff as man and wife in Abilene, Texas from September, 1942 to November, 1943.
It is uncontradicted that the plaintiff entered the United States Army in 1942; that he registered for the draft as the husband of the plaintiff and throughout his army service claimed her as a dependent; that he was given travel allowances for her as his wife and received quarters assigned to married officers at Camp Barkley, Abilene, Texas, where he and the plaintiff cohabited as husband and wife during 14 of his 15-month assignment at said camp. Their son was born in New York City on October 1, 1946. On April 11, 1950 the parties acquired a home as tenants by the entirety, and their daughter was born in New York City on March 12, 1951.
In view of the documentary and other proof in this record, and the defendant’s admission in his affidavit, sworn to November 22,1960, that he and the plaintiff lived together continuously as man and wife from 1940 until the commencement of this action, and the fact that 14 months of such living together were spent in Texas, where a common-law marriage is valid, it is understandable why the defendant and his then attorneys did not challenge or put in issue by way of denial or affirmative defense the existence of the marriage relation which the plaintiff pleaded in her complaint.
Texas is a State which recognizes common-law marriages. (Smith v. Smith, 257 S. W. 2d 335, 337 [Tex.].) In 1913 the Supreme Court of Texas stated in Grigsby v. Reib (105 Tex. 597, 602): “It is well settled in this State that a marriage without a license or ceremony may be lawfully entered into when by consent of both parties they professedly as husband and wife cohabit and maintain that relation. ’ ’
According to the opinion of the Court of Civil Appeals of Texas, in Cain v. Caine (314 S. W. 2d 137, 139 [Tex.]), “ The essential elements of a common law marriage are: 1) An express or implied agreement to enter into marriage; 2) cohabitation as husband and wife; 3) holding themselves out to the public as being married.” The Supreme Court of the United States has held that the parties ’ conduct towards each other ‘ ‘ was equivalent, in law, to a declaration by each that they did and during their joint lives were to occupy the relation of husband and wife. Such a declaration was as effective to establish the status of marriage in New Jersey as if it had been made in words of the present tense ”. (Travers v. Reinhardt, 205 U. S. 423, 440.)
*953 In the State of Texas proof that the parties lived together under the same name, introduced each other as husband and wife respectively, and otherwise conducted themselves as husband and wife, has been held sufficient to establish a common-law marriage even in the absence of an express agreement. (Baker v. Mays & Mays, 199 S. W. 2d 279 [Tex.].) An agreement to live as man and wife may be implied when the circumstances of cohabitation and holding out as husband and wife warrant it. (Smith v. White, 216 S. W. 2d 672 [Tex.]; Consolidated Underwriters v. Kelly, 15 S. W. 2d 229 [Tex.].) While living together and the cohabitation of the parties as man and wife, and their holding each other out to the public as such, satisfy two of the three essential elements of a common-law marriage, the third—an agreement — “ ordinarily may be inferred from the evidence which establishes the second and third essential elements of the marriage ”. (Shelton v. Belnap, 155 Tex. 37, 39-40.)
And so in the case at bar, the defendant’s living together with the plaintiff as man and wife for a 14-month period, in Abilene, Texas, in quarters assigned to married officers, and his drawing of pay based upon the plaintiff’s being his dependent and reimbursement by the Government for her traveling expenses as his wife, coupled with his admission in his affidavit, sworn to November 22,1960, that since 1940, he and the plaintiff “ lived together continuously * * * as man and wife ”, establish a common-law marriage in the State of Texas since September, 1942. The fact that prior to that date the parties were residents of New York State, to which they returned after the defendant’s military service had terminated, does not render invalid the common-law marriage thus entered into by the parties in Texas, where such marriage is valid. (Shea v. Shea, 294 N. Y. 909.)
Moreover, defendant had knowledge at the time that he answered the complaint in this action and at the trial, of the very facts he now asserts for his claim that the judgment of separation is invalid. He was at all times represented by counsel and saw fit initially to contest the action without disclosing these facts to the court, and did not dispute the validity of the marriage. With the advice of counsel he withdrew his answer and permitted the judgment to be entered against him. Indeed, his counsel was present during the inquest and submitted cross findings and the cross judgment which the Trial Judge subsequently signed as the decision and judgment of the court.
In the absence of newly discovered evidence there is no basis for disturbing the determination which the judgment of separa *954 tian imports ■— that the parties were validly married — and there is no situation here disclosed which calls upon this court to invoke its inherent powers in the interest of justice. (Rice v. Rice, 279 App. Div. 838; Merritt v. Merritt, 259 App. Div. 242, appeal dismissed 285 N. Y. 561; Boslov v. Boslov, 177 Misc. 817, affd. 264 App, Div. 943.) The defendant’s motion is accordingly denied.
The plaintiff’s motion is granted to the extent of allowing a judgment to be docketed for the arrears of alimony for the months of September and October, 1960, totaling $2,750, with interest, and the plaintiff is allowed, as prayed for in subdivision 5 of the order to show cause, dated October 31, 1960, a counsel fee in the sum of $500. Upon the defendant’s continued failure to discharge his obligations under the judgment and to pay the counsel fee hereinbefore directed, within 30 days of the service of a copy of the order to be entered hereon, the motion for ancillary relief may be renewed.