■ In the Matter of LAURA W., a Child Alleged to be Abused. BOB G., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [640 NYS2d 54] —Order, Family Court, New York County (George Jurow, J.), entered October 14, 1994, which denied respondent's motion to vacate, based on newly discovered evidence, the dispositional order dated February 24, 1988, which, *inter alia*, prohibited direct contact between him and his daughter, following a fact-finding determi-

nation dated September 18, 1987, that he had sexually abused her, unanimously affirmed, without costs.

Family Court properly exercised its discretion in denying the motion to vacate the prior finding of sexual abuse, as respondent failed to meet his burden of establishing that the doctor's statement, that the evidence relied upon for his medical opinion seven years earlier would not result in the same opinion today based upon current medical standards, constituted newly discovered evidence within the meaning of CPLR 5015 (a) (2). A new theory does not constitute newly discovered evidence (*see, Merritt v Merritt*, 259 App Div 242, *appeal dismissed* 285 NY 561). Further, the doctor's finding of an abnormal physical condition remains unchanged and his revised opinion as to the meaning of that condition would not have changed the outcome of the trial (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:7, at 471). Concur—Milonas, J. P., Ellerin, Rubin, Ross and Mazzarelli, JJ.