■ CENTURY BUSINESS CREDIT CORPORATION, Respondent, v N. NORMAN MULLER, Appellant, et al., Defendant. [751 NYS2d 20] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about April 5, 2001, which, inter alia, denied defendant N. Norman Muller's motion pursuant to CPLR 5015 (a) (2) and (3) to vacate a prior judgment and prior order, unanimously affirmed, with costs.

Defendant's "newly discovered" evidence consisted solely of facts which were previously known and argued, and therefore

did not provide a basis for vacatur (*see Richard B. v Sandra B.B.*, 209 AD2d 139, 144, *lv dismissed* 87 NY2d 861). In any event, the "new" evidence, which purported to show a failure or delay by plaintiff in declaring a default of the guarantees or underlying factoring agreements, would have been irrelevant since defendant Muller, a guarantor, explicitly waived all notices and demands of any kind, and the agreements specifically stated that a failure or delay in declaring a default would not operate as a waiver. Defendant Muller's doctrine of the election of remedies argument is merely a restatement of his waiver argument, and to the extent it may be deemed a new theory, it does not constitute newly discovered evidence (*see Matter of Laura W.*, 226 AD2d 126, 127). Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.