In the Matter of the Estate of MARIA JANE KNUPPEL, Deceased.

Surrogate's Court, Queens County, December 6, 1933.

*Harry Krokow*, for the petitioner.

*Philip Wolinsky*, pro se.

HETHERINGTON, S.   The decedent died on July 15, 1933, leaving a last will and testament executed on April 19, 1918.   She left surviving a husband, one sister, six nieces and eight nephews, children of two predeceased sisters.   Her estate is stated to consist solely of personal property of the value of $6,000.   After providing for a legacy of five dollars to her husband, testatrix gave her residuary estate to a brother, who, however, predeceased her leaving no issue.   The executor named in the will failed to survive the testatrix.   Application is made in the pending probate proceeding for the appointment of an administrator with the will annexed.   The husband lays claim to the entire estate and asserts a prior right to administer.   The decedent's sister and one of the nieces object to his appointment and claim that his interest in the estate is limited to a legacy of five dollars, notwithstanding the fact that gift of the residue lapsed upon the death of decedent's brother without issue.

The objectors claim that the husband should be excluded from further participation in testatrix's estate because of his alleged abandonment of her and her expressed intent to disinherit him. Although the abandonment is disputed by the husband, it may, for the purpose of disposing of the question here presented, be assumed to have occurred.   The legal effect of the death of the residuary legatee without issue and prior to that of the testatrix was to create an intestacy with respect to the residue.   In other words, the will as a disposition of property operated only as to the legacy of five dollars.   The undisposed of residue must be distributed according to the intestacy laws in effect at the death of the decedent.   Distribution, therefore, in this instance is controlled by subdivision 4 of section 83 of the Decedent Estate Law, under the terms of which the surviving spouse takes all as the estate is less than $10,000.   It is asserted, however, that the husband has forfeited all claim to the residue because of his alleged abandonment of the decedent.   If such a penalty is to be visited upon him, support for such result must be found in some statute.   While it is true that under section 87 of the Decedent Estate Law the surviving spouse may be barred from taking a distributive share in the estate of the other where a divorce has been obtained or procured under the conditions therein provided for, the section is not applicable here as the marriage relation was not severed by a divorce.   The only sections imposing a penalty upon one

who has abandoned a spouse or a child are subdivisions 4 and 5 of section 18 and subdivisions 2 and 3 of section 133 of the Decedent Estate Law. Subdivisions 4 and 5 of section 18 deny a right of election to the spouse who has abandoned the other. Subdivisions 2 and 3 of section 133 deny to a parent who has abandoned a child a distributive share in damages recovered in an action for his or her wrongful death. These provisions are not applicable here. No right of election is involved. The husband does not claim under the will. While it is true that the decedent undoubtedly intended to exclude him from sharing in her estate, except to the extent previously mentioned, she defeated her own intentions by failing to make a valid disposition of her residuary estate. Of course, it might be said that the testatrix chargeable with knowledge of the legal effect of her failure to dispose of the residue upon the death of her brother without issue, was satisfied to have it distributed as intestate property. While the Legislature has, in the instances enumerated, penalized a faithless and wayward spouse, I can find no statutory authority excluding the husband under the circumstances here claimed to exist. The Legislature might well extend the penalty to cover such a situation. It has, however, failed to do so. The surrogate is not vested with any power to cure the omission. Letters of administration with the will annexed will, therefore, issue to the husband upon filing a bond in the sum of $6,000. Settle decree on notice.