In the Matter of the Estate of LENA S. OPPENHEIM, Deceased.

Surrogate's Court, New York County, May 28, 1942.

*Seymour R. Oppenheim,* executor in person, petitioner.

*Nathan, Mannheimer & Asche* [*Samuel Spindell* of counsel], for the surviving spouse, respondent.

FOLEY, S. The executor of this estate petitioned for a determination of the validity of the exercise of the right of election by the husband of the decedent to take against the will. The respondent husband has moved, in effect, for a decree in his favor because of the failure of the petition to set forth any ground barring the respondent from his right of election under section 18 of the Decedent Estate Law.

The original petition of the executor was held by the surrogate to be insufficient in law. (*Matter of Oppenheim,* N. Y. L. J., May 13, 1942, p. 2034.) The petitioner was directed to file an amended petition " setting forth the fact of an abandonment by the husband and the requisite details supporting such alleged misconduct."

An examination of the allegations of the amended petition reveals that it also fails to set forth any legal ground of disqualification of the husband from the exercise of his right of election. The amended petition, in a lengthy and detailed recital of facts, clearly shows that it was the decedent and not the respondent who left the marital home. Taking the facts alleged in the petition to be true, the decedent may be said to have been justified in leaving the respondent. Such facts, too, might have warranted a judgment of separation in the decedent's favor on the ground of cruel and inhuman treatment or conduct rendering it unsafe for her to cohabit with him. (Civ. Prac. Act, § 1161, subds. 1, 2.) Under no recognized theory of law, however, will the facts sustain a finding of

abandonment of the decedent by the respondent. On the contrary the petition shows that there was in fact no such abandonment by the respondent. (*Matter of Maiden*, 284 N. Y. 429; *Matter of Stolz*, 145 Misc. 799.) " Even if it is assumed, as the executor contends, that she was justified in leaving by reason of the cruel treatment of her husband, there was no abandonment by the husband." (*Matter of Stolz, supra*, 801.)

The conditions under which a surviving spouse forfeits his or her right of election are set forth in the statute. (Dec. Est. Law, § 18, subds. 3, 4, 5.) By subdivision 3 of section 18 " The right of election shall not be available to a spouse   *   *   *   against whom a final decree or judgment of separation recognized as valid by the laws of this State has been rendered." The decedent in her lifetime instituted a separation action against the respondent in the Supreme Court. The ground of her action was cruel and inhuman treatment and such conduct on his part as rendered it unsafe and improper for her to live with him. She never prosecuted this action to final determination. Had she successfully prosecuted the action, the judgment would have barred the respondent's right of election. Since the decedent did not do so, her executor may not use the Surrogate's Court to obtain a post-mortem separation judgment.

In the present proceeding, the executor has attempted to establish the disqualification of the respondent under the terms of subdivision 4 of section 18 of the Decedent Estate Law. Subdivision 4 reads as follows: " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election." This provision is an expression by the Legislature of its intent to exclude from the benefits of the statute a husband against whom a judgment of separation could be sustained under subdivisions 3 and 4 of section 1161 of the Civil Practice Act. (*Matter of Sadowski*, 246 App. Div. 490, 493; *Matter of Maiden, supra* 432.) The allegation in the amended petition that the decedent left her husband and the marital abode completely destroys any charge of abandonment by the respondent. The attempt to qualify the fact of her leaving by allegations that her act was justifiable or that respondent's conduct was responsible for it cannot alter the fact that " cruel and inhuman treatment " is a species of misconduct entirely different from abandonment. (Civ. Prac. Act, § 1161.)

As Surrogate DELEHANTY pointed out in *Matter of Green* (155 Misc. 641, 645; affd., 246 App. Div. 583; leave to appeal denied Id. 711; 270 N. Y. 675): " The first and most notable fact is that the right of election is secured to every spouse — even an adulterous one — who continues to live in the matrimonial domicile and who is not

guilty of abandonment. Next is the fact that the spouse (not guilty of abandonment) who has been guilty of cruel and inhuman treatment which would have warranted the deceased spouse in obtaining a separation is not barred from the right of election. Again the spouse (not guilty of abandonment) whose conduct made it unsafe and improper for the deceased spouse to cohabit with the survivor is entitled to elect."

The petition itself establishes that the respondent did not abandon the decedent. No other ground has been shown to bar the respondent's right of election. It is undisputed that the respondent paid to the decedent the sum of forty-two dollars a week during the period of their separation and up to the time of her death. This sum was recommended by the referee appointed by the Supreme Court to report on the amount of temporary alimony to be awarded to the decedent; and was agreed upon by the respective parties. No order was entered for the payment of temporary alimony and no further proceedings were taken in respect of it. The decedent accepted this sum as adequate for her support during her life and no question can now be raised as to the adequacy of that sum agreed upon.

The election of the respondent husband to take against the terms of the will is, therefore, valid and effective.

Submit decree on notice accordingly.