In the Matter of the Estate of ELLEN M. ERZINGER, Deceased. GEORGE C. TILYOU et al., Petitioners; FREDERICK A. ERZINGER, Respondent.

Surrogate's Court, Kings County, October 27, 1944.

*James S. Brown, Jr.*, for petitioners.

*Nathan Korn* for respondent.

*Kohn & Granirer* for Frederick A. Erzinger, objectant.

McGAREY, S. Decedent died intestate on March 9, 1944, survived by a husband and nephews and nieces. Two of the latter seek appointment as administrators, asserting that the husband is not entitled to participate in the distribution of the estate by virtue of his abandonment of the decedent, and failure to provide for her support. Concededly the decedent obtained a

decree of separation based on abandonment from the respondent in 1916, which was never modified, annulled or revoked in any way by the court during the lifetime of the parties. The respondent, however, denies that an abandonment occurred in 1916, although the findings of fact made by the court rendering the judgment so establish. He, likewise, denies the allegations of the petition that the decedent and respondent continuously lived separate and apart from the date of the decree until her death, and that he failed to support her during such period.

Petitioners move for an order striking out the answer. In opposition, respondent submits his own affidavit and those of certain other persons, claiming a reconciliation subsequent to the entry of the decree of separation, and that by mutual arrangement, they lived apart, except that he made regular visits to her home, and provided for her support in manner agreeable to her. Petitioners' reply affidavits strongly controvert respondent's claim of reconciliation, but nevertheless there remains an issue of fact, even though the contention of respondent may tax the credulity of the court.

The petitioners maintain that the judgment of separation conclusively determined the issue of abandonment and failure to support adversely to the respondent, and that the judgment being in full force and effect at the date of death of the decedent, he is precluded from now proving that the judgment was in any manner modified, revoked or annulled by act of the parties. They conclude that as a matter of law they have established statutory grounds for depriving the respondent of a distributive share in the estate within the meaning of subdivision (c) of section 87 of the Decedent Estate Law.

The court is therefore presented with the issue of whether the defendant spouse to an action for separation based upon abandonment or failure to support is conclusively barred from sharing in the intestate estate of the plaintiff spouse by the judgment therein obtained. The applicable provision of section 87 does not say that. A study of all the pertinent provisions of the law dealing with the rights of surviving spouses indicates that the Legislature has gone further in limiting the right of a surviving spouse to take against a will than in limiting the right of such spouse to take in intestacy. By subdivision 3 of section 18 of the Decedent Estate Law a spouse against whom a final decree or judgment of separation has been rendered, notwithstanding the grounds therefor, is barred from exercising the right of election. Subdivisions 4 and 5 of section 18 are substantially identical in text with subdivisions (c) and (d) of section 87 and

paragraphs (a) and (b) of subdivision 4 of section 133. Thereby, the husband who has abandoned his wife, or failed to provide for her support, and the wife who has abandoned her husband, are, on the one hand, barred from electing to take against the will of the innocent spouse, and, on the other hand, deprived of a distributive share in the estate of the deceased spouse, or in the proceeds recovered for the wrongful death of such spouse. ▮ It is clear, however, that such conduct on the part of the surviving spouse as would have entitled the deceased spouse to obtain a judgment for separation under the provisions of subdivisions 1 and 2 of section 1161 of the Civil Practice Act offers no basis for depriving the guilty spouse of a distributive share in the estate of the deceased spouse within the provisions of section 87 of the Decedent Estate Law. (See *Matter of Oppenheim,* 178 Misc. 1035.) Moreover, when the Legislature enacted subdivision (c) of section 87 in 1934 it presumably had knowledge of the existing limitation upon the right of election contained in subdivision 3 of section 18 with respect to a judgment of separation. It was then the law of this State that a surviving spouse whose conduct in the lifetime of the deceased spouse would have entitled the latter to procure a judgment of separation upon any one of the statutory grounds, was nevertheless entitled to take as a distributee. (*Matter of Knuppel,* 151 Misc. 773.) Subdivision (c) of section 87 is in derogation of the rights of a surviving husband, existing prior to its enactment. Under the circumstances here disclosed, however, the court does not deem it necessary to pass upon the effect of the judgment of separation at this time. It is the court's view that a trial of the issues of fact will result in a more satisfactory determination and can be had promptly. If the unsuccessful party in this court elects to appeal, there will then be available to the appellate tribunal, the entire body of proof, upon the real issue in the case, so that the ultimate determination will forever fix the rights of the parties in the estate.

The motion to strike out the answer is denied.

Submit order on notice in accordance herewith.