S. Samuel Di Falco, S.
The petition of the accounting administrator seeks a decree determining that the husband of the decedent has forfeited his distributive share of the estate because of his abandonment of the decedent and his neglect and refusal to provide for her. (Decedent Estate Law, § 87-, subd. [c].) The husband is confined to a State hospital having been duly admitted to the hospital pursuant to the provisions of law. No committee of the person or property of the husband has ever been appointed. He is represented in this proceeding by a special guardian.
The petitioner offered the testimony of one of the sons of the decedent and respondent, and also the records of the Domestic Relations Court of the City of New York. The special guardian objected to the testimony of the witness under section 347 of the Civil Practice Act, and to the introduction in evidence of the court file.
In Clark v. Dada (183 App. Div. 253, 262) the Appellate Division said in its opinion that in a case where an incompetent person has been committed to a State hospital but had never been adjudicated a lunatic and had no committee of his person or property, section 347 does not disqualify a party from testifying to a personal transaction with him. In Matter of Harkavy (184 Misc. 742) and in Matter of Musczak (196 Misc. 364), the Surrogates ruled that section 347 does disqualify an interested party from testifying to a personal transaction with an incompetent in such a case, the statements in Ciarle v. Dada being characterized as dictum. In the pending case, the testimony of the witness was taken subject to a motion to strike it out. Wholly apart from the question of the competency of the witness to testify to a personal transaction with the respondent, his testimony, even if competent, does not establish an abandonment of the decedent by her husband. The Surrogate’s conclusion in Matter of Oppenheim (178 Misc. 1035, 1036) may aptly be restated here: “ Taking the facts * * * to be true, the decedent may be said to have been justified in leaving the respondent. Such facts, too, might have warranted a judgment of separation in the decedent’s favor on the ground of cruel and inhuman treatment or conduct rendering it unsafe for her to cohabit with him. (Civ. Prac. Act, § 1161, subds. 1, 2.) Under no recognized theory of law, however*, will the facts sustain a finding of abandonment of decedent by the respondent. ’ ’
*111 The special guardian’s objection to the reception in evidence of the entire file of the proceedings between the decedent and hex-husband in the Domestic Relations Court, is sustained. In addition to the court orders and minutes, it contains copies of investigation reports, correspondence and other written instruments. It has been held that investigation reports by probation officers of the Domestic Relations Court may not be considered as evidence upon which the court may predicate its findings. (Andrews v. Andrews, 185 Misc. 970, 971.) The correspondence and other informal writings may not be considered by the court as evidence. The original court orders are, of course, admissible in evidence. (Matter of Rechtschaffen, 278 N. Y. 336.) The court does not understand the objections of the special guardian as offering any technical objection to the reception of the original court orders or the minutes made by the Justices. Although the administrator offered the testimony of the son that his mother did not receive money from his father for her support and for that of the children, there is no proof at all that the respondent at any time had the ability to support her. It appears that on December 26, 1941 the respondent entered into an agreement in court with the decedent whereby he agreed to pay a stated sum to the decedent every two weeks, and upon the basis of this agreement of the parties, an order directing such payment was duly made by the Domestic Relations Court. In approximately one month, however, the court order was suspended because the respondent was not gainfully employed. Prior court orders had been made and modified or suspended, but there is no evidence respecting them except for the indorsements on the court papers. From the face of the court papers, it appears that a prior order had been suspended on the request of both parties and that another was modified on consent-. It further appears that at one or more times both parties were on relief.
Under some circumstances, an unexplained failure of a husband to contribute to the support of his wife might give rise to an inference of fault upon his part. Here, however, the respondent is confined in a State hospital, and he has been so confined since 1954. His testimony is not available. The court records do not indicate any judicial action after the suspension of the order of December 26,1941.
The burden of proving that the respondent forfeited his share of the estate is upon the petitioner. (Matter of Chandler, 175 Misc. 1029,1034 and cases cited.) In determining the extent of a husband’s obligation to contribute to the support of his wife, there must be taken into account the ability of the husband *112 to earn money and his financial resources. (Krakow v. Krakow, 198 Misc. 1107; Klein v. Klein, 87 N. Y. S. 2d 293, 295.) He cannot be held to have “ neglected or ref used, to provide for his wife ” (Decedent Estate Law, § 87, subd. [e]) unless he was able to obtain employment or had the means to provide for her. One cannot be held to have forfeited his right to share in the estate on this ground unless it appears that it was possible for him to make contributions to the support of the decedent. (Matter of Chandler, supra.) The fact that the Domestic Relations Court suspended the order which had been entered on the consent of both parties, would seem to indicate that at that period he did not have sufficient financial means to make any payments. (See Klein v. Klein, supra, p. 295.) There is no proof that at any other time prior to his confinement in the State hospital he was able to contribute to the support of his wife. The court, therefore, holds that on the present record the petitioner has failed to prove facts sufficient .to deprive the respondent of his intestate share.
The petition requests the court to fix the compensation of the attorney for the administrator. The court will reserve that question for determination on the settlement of the decree. The attorney is directed to file an affidavit of legal services. Submit decree on notice settling the account accordingly.