JOSEPH CHIARELLA and ANTHONY CHIARELLA, Individually and as Administrators, etc., of NICOLA CHIARELLA (Also Known as NICHOLAS CHIARELLA), Deceased, Respondents, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 24011.)

Third Department, October 27, 1937.

*Affg. 162 Misc. 232.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Assistant Attorney-General, of counsel], for the appellant.*

*Phillips, Heaney & Hassett [Normington Schofield of counsel], for the respondents.*

RHODES, J.   The claim herein is for the appropriation by the State of certain buildings formerly belonging to Nicola Chiarella, now deceased.

For several years decedent occupied land owned by the New York Central and Hudson River Railroad Company at Storm King, Dutchess county, N. Y.   He had originally purchased the building standing on the location in question, and enlarged and improved it until it was large enough to house a general store, living quarters and at one time a post office.

After thus occupying the premises from 1896 until 1929, the railroad company and Chiarella entered into a written lease of said property which recited that it was to be used as a " site for buildings."   The lease was for the term of one year from October 1, 1929, unless sooner terminated, and the annual rent stated was ten dollars.   The lease provided that the lessor reserved the right to terminate it and the term thereof at any time upon giving ten days' notice in writing and that the lessee might within five days after the expiration or other termination of the lease remove all buildings or structures thereon placed or erected by him; further, that all such buildings, structures and improvements " not so removed shall thereupon become and be absolutely the property of said lessor, and may be removed by it, and said lessee hereby conveys the same absolutely to said lessor, its successors or assigns."

While Chiarella was in possession under the lease, the Public Service Commission in a proceeding for the elimination of a grade crossing, by order determined that an easement right was necessary in the elimination of the crossing and pursuant thereto and pursuant to the provisions of the Grade Crossing Elimination Act (Laws of 1928, chap. 678), a map showing the location of the premises here in question, with a description thereof, was filed in the office of the Department of Public Works September 21, 1931, and a certified copy thereof was filed in the office of the Department of State September 23, 1931.

Subdivision 3 of section 5 of said act provides that on the filing of such description and map in the office of the Department of State the People of the State of New York, their officers and agents, may immediately enter upon and take possession of the land so described for the purpose of the location of any crossing.   These rights of entry and possession are quite similar to the rights of a

vendee under the usual land contract; the vendee usually has the right of entry and possession, though title by deed may not become complete until long after entry.

It is true that subdivision 4 of said section 5 provides for the service of a copy of such description and map with notice of the filing thereof in the office of the Department of State upon the owners of any right, title or interest in and to such lands, and that from the time of such service the appropriation by the People of the State shall be deemed complete and thereupon such property shall become and be the property of the People of the State.

It is urged in behalf of the State that until the service of the map, description and notice upon the owner, title does not vest in the State and that by subdivisions 3-a and 3-b of said section 5 the map may be withdrawn by the filing of a certificate of withdrawal of the Public Service Commission in the offices of the Department of Public Works and the Department of State, and that upon such withdrawal the description and map to which it refers shall be canceled and all rights thereunder shall cease and determine. However, no such withdrawal took place and the State, having acquired a qualified right in and to the property, its title later became complete by the service upon the claimants of a notice of the filing of the description and map on June 20, 1933.

In March, 1932, representatives of the State entered upon the premises and razed the building. Such appropriation and destruction occurred prior to the death of Nicola Chiarella, which occurred November 22, 1932. Administrators of his estate were appointed December 6, 1932.

It is urged in behalf of the State that even if an interest in the property of decedent had been acquired by the State on September 23, 1931, he had been divested of all such interest and ownership and that it had passed to the lessor.

Pursuant to the terms of the lease a written notice on behalf of the railroad company, lessor, had been served upon deceased on December 12, 1931, requiring him to surrender up the property within ten days thereafter, which would have been on December 22, 1931. Under the lease he had five days thereafter in which to remove his property.

However, decedent did not vacate the premises but remained in possession until he was informed that representatives of the State were about to enter upon and take possession thereof. He thereupon vacated a few days before the buildings were razed in March, 1932, as above stated. About that time a claim agent for the State stated to decedent that the State was going to " take these buildings

over and he would look after it." The claim agent a few weeks later procured from a son of decedent, one of the claimants herein, various documents, including the bill of sale of the original building to decedent, receipts for town and school taxes and rent receipts from the railroad company, lessor, and at that time the claim agent stated to the said son that " the State would take care of it."

Apparently, the landlord had commenced a summary proceeding for the removal of decedent from the premises, and there was introduced in evidence a document purporting to be a copy of the warrant to the sheriff issued by a justice of the peace to remove decedent from the premises, but the court found that there was no proof in the record showing the service upon decedent of any final order in a summary dispossess proceeding, and that there was no proper proof in the minutes of the trial showing a proper summary dispossess proceeding.

While the notice to decedent to remove from the premises was sufficient to terminate his lease, the landlord could thereafter waive its election to terminate. (See *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304.)

At any rate, so far as appears, decedent remained in occupation of the premises, long past the time fixed by the landlord for the termination of the lease, without any interference with his occupancy on the part of the landlord.

Although counsel in behalf of the State asserts that under the statutes claimants are not entitled to recover here, he states that " The claimants, here, in our estimation, have reasons for asserting that the State of New York is morally obligated to them and thus have the basis for procuring an Enabling Act from the Legislature."

As already indicated, however, the State acquired some rights in the premises on September 23, 1931, before the attempted termination of decedent's lease, and there is not sufficient proof showing decedent was divested of title to the property.

The judgment should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.