SAM RABINER, Plaintiff, *v.* ALEX ROSENBERG, Defendant.

City Court of New York, Kings County, May 29, 1941.

*Hyman I. Luster,* for the plaintiff.

*Barnett M. Bass,* for the defendant.

HARRISON C. GLORE, Official Referee. Plaintiff and defendant were guests at Kutshner's Country Club at Monticello, N. Y. The resort abuts a lake, a portion of the shore of which is set apart for fishing. The fish to be caught are described as " Goldies," which, when landed, are placed in a pool constructed at the edge of the lake from which they are later returned to the lake proper to be recaught by guests so desiring, the following day.

The fishing paraphernalia consists of a flexible pole, five or six feet in length, to which is attached about ten feet of line equipped with a hook and a small piece of lead at the end. The bait used is small pieces of bread.

On the day in question plaintiff came to the fishing reservation and stood before the defendant watching him land one of the goldies defendant had hooked.

While pulling the fish out of the water it slipped off the hook, causing the hook and the line to which it was attached to snap back in the direction where plaintiff was standing, and the hook imbedded itself in the eye of plaintiff.

That plaintiff has suffered a painful and serious injury is not to be disputed. However, injury alone would not justify a judgment obligating defendant to respond to plaintiff in damages.

This record fails to show that defendant in the excitement of the moment did or failed to do anything which an animated prudent person would have done, or failed to do under the same circumstances.

A fish hook is a more or less essential part of a fishing outfit, however small, and the risk of its going astray when suddenly pulled free of the water was common knowledge to both these parties.

No cases dealing with the legal question here presented have been brought to my attention beyond those cases dealing with such sports as baseball and hockey and the assumption of risk by an individual witnessing them.

In the case of *Ingersoll* v. *Onondaga Hockey Club, Inc.* (245 App. Div. 137) it was said: " The rule is equally well settled that a spectator at a baseball game assumes the risk of being struck by a foul or wild-thrown ball when sitting elsewhere than behind the screen back of home plate. A spectator at a baseball game may be regarded as assuming such risks from balls as are necessarily incident to the game." (See *Hammel* v. *Madison Square Garden Corp.*, 156 Misc. 311, and cases cited.)

Decision accordingly is given for defendant. Let judgment so enter.