Russell G. Hunt, J.
This is an application by the State to amend the decision made herein after trial, particularly paragraph three of the conclusions of law, so as to reduce the amount of interest allowed upon the award for the appropriation of claimants’ lands by the State. The appropriation was for the *420 purpose of the State Thruway system (Highway Law, art. 12-a). Interest was allowed to the claimants from June 1,1953, the date title vested in the State, to the entry of judgment (Chiarella v. State of New Yorh, 162 Misc. 232, affd. 252 App. Div. 358). The State contends, however, that interest should have been allowed for six months only from the vesting date, and, thereafter, from April 7, 1955, the date the claim was filed, until the entry of judgment (Vescera v. State of New Yorh, 3 A D 2d 644; Court of Claims Act, § 19, subd. 1). Judgment has not yet been entered.
The motion was made within 15 days from the date the decision was filed in the office of the clerk of the court and is considered as a motion for a new trial so that it may be decided upon the merits (Court of Claims Act, § 9, subd. 8; Civ. Prac. Act, § 549; Rules Civ. Prac., rule 60-a).
The combined map and description which were prepared following an actual survey of the appropriated property, with the information thereon that the claimants were the owners, was filed in the office of the Clerk of Albany County on June 1, 1953, but was not served on the claimants for almost two years later, that is, on April 22 and 26, 1955. The delay was not explained and it is not asserted that the claimants or their whereabouts were unknown — indeed, the contrary is the fact because their names appear upon the map and description of the property as the owners and they resided there.
The scheme of the statute (Highway Law, § 347) for the appropriation of property which the Superintendent of Public Works deems necessary for the Thruway system embraces the preparation of a map and description from an actual survey and its filing in the Department of Public Works; thereafter a certified copy thereof must be filed in the Department of State, whereupon the State 1 £ may immediately enter upon and take possession of the property ” (subd. 5); this is followed by the filing of a copy of the map and description in the County Clerk’s office; ££ thereupon the appropriation * * * shall be deemed complete and the title to such property shall become and be the property of the people of the state of New York ” (subd. 5-a). Following these steps, and, it is to be particularly noted, after the owners have been divested of their ownership, the superintendent must deliver a copy of the map and description to the Attorney-G-eneral whose duty it is to certify to the former the names of the owners, and, upon the receipt of the certification, the superintendent must then file and record in the same County Clerk’s office a notice of appropriation directed to the owners and notifying them that at some time prior to *421 the notice the title to their property was taken from them and vested in the State (snbd. 8). It is not until later that the notice, together with the map and description, are to be personally served upon the owners (subd. 9), and then, for the first time, they would be informed that at a prior time their property was taken in invitum.
The combined map and description that was served on the claimants herein was dated February 16, 1953; it was filed in the Department of Public Works on March 24, 1953, and in the office of the Department of State on March 25, 1953.
The time of the accrual of an appropriation claim is the date of the filing of the map and description in the County Clerk’s office (Vescera v. State of New York, 3 A D 2d 644, supra) and this is also the vesting date in the State; thus, the claimants lost their property almost two years before they were served with the notice, map and description. Their claim was filed on April 7,1955. They have not yet been compensated.
The theory of the earlier Chiarella case (162 Misc. 232, 252 App. Div. 358, supra) was that one whose land has been taken in invitum should not be compelled to take less than the ‘1 just compensation ’ ’ to which he is entitled under the New York Constitution (art. I, § 7). This, said Chancellor Kent, is a principle of natural law and an “ indispensible attendant on the due and constitutional exercise of the power of depriving an individual of his property ”, in the absence of which injunctive relief would be granted (Gardner v. Village of Newburgh, 2 Johns. Ch. 162; see, too, Desmond, Natural Law and the American Constitution, 22 Fordham L. Rev. 235, 1953). Upon the vesting of title in the condemnor, rights then became fixed (Matter of City of Syracuse, 224 N. Y. 201, 207), compensation is due and payable at that time (Matter of Mayor of City of N. Y., 40 App. Div. 281, 285), and for any delay in payment, just compensation “must include some sum in addition to the bare value of the property at the date of taking for the delay in making payment, so that the compensation may be just. Without the addition of some sum, the requirement of just compensation constitutionally guaranteed, would not be met. (Jacobs v. United States, 290 U. S. 13; Phelps v. United States, 274 U. S. 341.) ” (Matter of City of N. Y. [Bronx River Parkway], 284 N. Y. 48, 54, affd. 313 U. S. 540.) In Imbescheid v. Old Colony R. R. Co. (171 Mass. 209) the court said, the owner’s “ loss of title occurred at the date of the taking. His compensation was then due and his right to recover it with interest from that date is settled.” Accordingly, an award which does not include interest for the delay in payment, denies just *422 compensation for the land taken, and, runs afoul of the State Constitution (art. I, § 7), and, because of subdivision 1 of section 19 of the Court of Claims Act, if construed to withhold a part of such compensation, the due process clause of the Federal Constitution (14th Arndt.) would be breached also. The doctrine of the Fourteenth Amendment reached by the United States Supreme Court is 1 ‘ nothing but the formulation in legal phraseology of that thing which every American so ardently desires, ‘ a square deal ’, and when the courts adjudge a statute to be unconstitutional as taking property without due process of law or as denying the equal protection of the law, all that they really do is to declare in their opinion, in more or less technical phraseology, that somebody is not receiving that square deal to which he is entitled ” (Abbott, Justice and the Modern Law [1913] in Warren’s, The Supreme Court in United States History [1937], Vol. 2, p. 745). Whether or not subdivision 1 of section 19 is a direction for the payment of less than just compensation raises a judicial and not a legislative question (Matter of City of New York, 190 N. Y. 350). While “ Every statute is presumed to be constitutional, and every intendment is in favor of its validity” (Matter of N. Y. El. R.R. Co., 70 N. Y. 327, 342) this does not mean that the Legislature may violate what Chancellor Kent said was “ this great and sacred principle of private right ”, namely, just compensation for property taken in invitum (Gardner v. Village of Newburgh, 162,168, supra).
When the Legislature enacted the Court of Claims Act, I ascribe to it the intention to conform to the mandate of the State Constitution and of natural law that just compensation must be made for property taken in invitum. Since interest is embraced within the term ‘ ‘ just compensation ’ ’, the owner is entitled to receive interest for the delay in payment of the value of his land and the courts have the authority ‘ ‘ to determine in accordance with legal rules and principles whether or not interest should be directed to be paid ” (People ex rel. Emigrant Ind. Sav. Bank v. Sexton, 284 N. Y. 57, 61). The determination that interest should be awarded was proper. Subdivision 1 of section 19 is not applicable to the facts herein. To hold otherwise would be to run counter to natural law and the State Constitution that just compensation must be made and to the due process clause of the Federal Constitution (14th Arndt., § 1). With respect to the latter, the deprivation of property and rights without a notice to the owner which is reasonably calculated to apprise him of the action then under way and an opportunity for him to protect his right to just compensation, is not due process (Matter of City of New York [Grand Blvd.], 212 N. Y. 538; *423 People v. Adirondack Ry. Co., 160 N. Y. 225, 239, affd. 176 U. S. 335; Covey v. Town of Somers, 351 U. S. 141; Walker v. City of Hutchinson, 352 U. S. 112). In Matter of City of New York (Grand Blvd.) (supra, p. 544) Judge Cabdozo said, “ Before the citizen’s right to compensation can be cut off by such a statute of limitation, notice of the event on which the right depends must be brought home to him by the State. He cannot be charged with the duty of hunting out the facts for himself. The State is appropriating his property by proceedings in invitum, and it cannot shift upon him the burden of ascertaining that the proceedings are in motion. It must give him notice reasonably adopted to bring their pendency to his attention.” The motion is denied. Submit order.