Russell G. Hunt, J.
This is an application by the State to amend the decision, containing findings of fact and conclusions of law and directing the entry of judgment, made and filed herein on December 18, 1956, respecting the computation of interest upon the amount awarded to the claimants in an appropriation case. The judgment has not yet been entered because the Attorney-General has not filed his written approval of title pursuant to rule 28 of the Court of Claims Buies.
The appropriation occurred on June 30, 1953, when the State actually entered upon the claimants’ lands and commenced the work on constructing the State Thruway (Davison on Claims Against the State of New York, p. 399, § 39.14). The map and description of the land taken were filed in the Herkimer County Clerk’s office on October 6, 1953, but, were not served on the claimants until August 31, 1954. The claim was filed in the office of the clerk of this court on September 18,1954.
Interest upon the award was allowed from the vesting date, namely, June 30, 1953, to the entry of judgment. The State contends,- however, that pursuant to Vescera v. State of New York (3 A D 2d 644) and subdivision 1 of section 19 of the Court of Claims Act, interest may be awarded only from June 30, 1953, for six months to December 30, 1953, and, from September 18, 1954, the date the claim was filed, to the entry of judgment.
The application must be denied. A trial judge has no authority to make a substantial change in his decision contain *842 ing findings of fact and conclusions of law and directing the entry of judgment (President & Directors of Manhattan Co. v. Erlandsen, 56 N. Y. S. 2d 136, affd. 266 App. Div. 883, motion for leave to appeal denied 266 App. Div. 924). He has the authority to entertain a motion for a new trial and upon the hearing to amend findings of fact and conclusions of law and to render a new decision (Court of Claims Act, § 9, subd. 8; Civ. Prac. Act, § 549), provided, the application is made within 15 days after the decision is rendered (Rules Civ. Prac, rule 60-a). In this case the notice of motion is dated January 15, 1957, more than 15 days after the decision, hence, the application cannot be treated as a motion for a new trial.
Upon the merits, however, see La Porte v. State of New York (5 Misc 2d 419).
The claimants’ cross motion is denied for the same reasons.
Submit order.