Richard S. Heller, J.
This is a motion asking this court to set aside a decision following the trial of two claims, Nos. 32839 and 34235, and for an order correcting the decision of this court. The motion asserts that the decision contains an obvious and inadvertent mistake of fact.
Following the rendition of a decision no substantial change can be made by a trial judge in the finding’s of fact and conclusions of law. (President & Directors of Manhattan Co. v. Erlandson, 36 N. Y. S. 2d 136, on motion for reargument 36 N. Y. S. 2d 141.) Following a decision, the power of the trial court by way of amendment of a decision or a judgment pursuant to decision is limited to correction of clerical errors or a mistake in the entry of judgment or the omission of a right or relief to which a party is entitled as a matter of course. (Herpe v. Herpe, 225 N. Y. 323, 327; Corr v. Hoffman, 256 N. Y. 254.)
This motion is directed at that portion of the decision which deals with Claim No. 32839 and involved an award for damages for the appropriation of real property. The court found that the fair market value prior to these appropriations was $191,000 and the fair market value of the property remaining after the appropriation was $87,400 and an award for the difference in the amount of $103,600 was made.
The claimants’ argument rests upon the effect of testimony given by an expert witness on behalf of the State. That expert testified to a value in his opinion prior to the taking and a value in his opinion after the taking. He then delineated the items of damage which made up the difference between these two figures. The first item of damage was total value per acre of that portion in which the fee was taken and total value per acre of that portion subjected to a permanent easement. He then found a percentage of fair market value of consequential damage to one portion lying at the northeast part of the plot, a percentage of fair market value of consequential damage to that portion lying immediately adjacent to the permanent easement, and a per *676 centage of fair market value as consequential damage to the entire plot due to the reduction in size. Applying these percentages to his opinion of fair market value he came out with a total consequential damage of about $16,600.
He allowed no consequential damage for loss of access along the northerly 1,400 feet of the property. The court, however, found that this taking did involve a loss of access as claimed by the expert witness who testified on behalf of the claimants.
The claimants on this motion argue that the finding of value prior to the taking by this court represented a value per acre of about $8,050. There is a difference as to the acreage contained in the plot prior to the taking between the claimants and the State. Claimants asserted that it consisted of 23.3022 acres and the State asserted that it consisted of 23.650 acres. On the figures of the claimants the court found a value per acre prior to the taking of $8,196.66; on the State’s figures the court found a value prior to the taking of $8,076.10. Claimants, however, assume the figure of $8,050 and then assert that the award made by the court of $103,600 had to include 10.122 acres appropriated in fee at a value of $8,050 and .325 acres subjected to a permanent easement at a value of $8,050 or a total of $84,098 direct damage. There therefore remained for consequential damage $19,512. The State’s witness had testified to consequential damage of $16,600 without consideration of the loss of access along the northerly 1,400 feet of the plot after the taking. On this basis the claimants argue that the court made an obvious and inadvertent mistake of fact in failing to make any award for loss of access.
The decision of the court included all damages to the property both direct and consequential. The very fact that the award is represented by the difference between the fair market value found prior to the taking and the fair market value found after the taking necessarily requires that it included all elements of damage.
The only basis for arguing otherwise is that the court was bound by the testimony of the State’s expert to the degree that it had to find not less than the total consequential damage made up of the exact percentages used by the State’s expert.
Such a contention is not based upon any clerical error or inadvertent mistake of fact. It is a direct attack upon the conclusion of the court as to its findings of value and this can only be based upon a contention that the court was bound by the testimony of the State’s expert in some way as constituting admissions on the part of the State.
*677 In determining values a court is not bound by the opinions of expert witnesses. The court may not go outside the record but so long as there is evidence in the record to support the value found by the court an award may be higher or lower than the expert’s estimates of value. (Matter of City of New York [A. & W. Realty Corp.], 1 N Y 2d 428, 433.) The court then is not bound by specific items which went into making up the total conclusion of an expert witness. Such opinion cannot be an admission by the party calling the expert. The party vouches for the integrity and ability of the expert by presenting him to the court but his testimony nevertheless, is only opinion evidence. It is the duty of the court to be guided and assisted by opinion evidence but the court may not be bound by opinion evidence and must utilize the entire record in arriving at determinations of fair market value.
The court therefore holds that it has no jurisdiction to entertain this motion since it is not based upon a clerical error or a mistake, or the omission of a right for relief to which the claimants are entitled as a matter of course but represents a direct attack upon the court’s conclusion arrived at on the basis of all the evidence in the record. Such an attack may be made only in an appellate court.
The motion is denied.