Bernard Ryan, P. J.
Following the trial of this claim, the stenographer’s minutes were transcribed and the case was submitted upon briefs of counsel. The proofs and the arguments were duly considered by the court and thereafter a formal decision was rendered dismissing both claims. The dismissal was based upon a finding of fact that the claimant, Garren Mark, was not free from contributory negligence. She had sustained personal injuries' in a fall from a bicycle on a street in a housing project maintained at the time by the State of New York although then the subject of demolition. The court found as facts that at the time of the accident Garren Mark was a bright, intelligent child in the 6th grade at school and was 10 years and 10 months of age; that she had been riding a bicycle approximately three years prior to date of the accident; that she was aware of the broken sidewalks as well as the stones and debris littering the street and the vicinity thereof.
As conclusions of law the court found that the infant claimant, Garren Mark, was obliged to use reasonable care in observing whatever conditions existed in the street where she was riding her bicycle. She was not permitted to disregard such facts and conditions as she saw, as were apparent and visible to any girl of her age using reasonable and ordinary care to ■observe what the actual conditions were at the time and place of the alleged accident. (Roehl v. Whelpley, 290 N. Y. 852 [1943].)
A further conclusion of law was that in order to recover herein, the claimants had the burden of establishing that no failure on the part of the infant Garren Mark to exercise the care which might reasonably be expected of a child of equal age and capacity contributed to her injuries. (Camardo v. New York State Rys., 247 N. Y. 111 [1928]; Logan v. Jackson, 1 A D 2d 146 [1956].)
The claimants now move for an order to set aside the aforesaid decision on the ground that the same is contrary to the facts and the law, and for such other and further relief as to the court may seem just and proper. The motion must be denied as a matter of practice for reasons which we shall hereafter set forth. But because counsel for the claimants utilizes his moving affi *65 davit to renew Ms argument on the merits of the case, we deem it advisable to indulge in a few comments.
The basis of this application for relief is that there is a common-law presumption that a child under 12 years of age is non sui juris and that, no evidence having been introduced as to the child’s intelligence at the time of the accident, the presumption exists until refuted by legal evidence and that, because the defense presented no such evidence, the court erred in holding that Garren Mark was guilty of contributory negligence. Counsel for the claimants is not consistent. Upon the trial, in his brief and even now in his moving affidavit which is, for the most part, a legal argument, he emphasizes the alertness of the child to the situation in which she found herself and her mindfulness of the condition of the street and the pains she took to avoid injury to herself as indicated by her testimony of which we quote the following: “ A. I was riding. I was near Oriental Boulevard and I intended to go home, and I was riding along the sidewalk and I noticed that it was broken up ahead of me. So I went off into the dirt road which happened to be level with the walk. * * # And the reason I went off because it looked a little safer on the road because the sidewalk was filled with debris such as wood and stones and whatnot, and I went off onto the road and I proceeded to go straight ahead, and I rode about 40 yards or so I guess and I didn’t notice anything. I just proceeded to ride, and all of a sudden the bicycle handle bar twisted out of my hand and the bicycle swerved to the left and I fell off and the bike was on top of me. ’ ’
Upon cross-examination she was asked to describe her riding as fast, or as medium. She replied: “A. I’d say it was more towards being slow because I was trying to be careful. I was picking my way along. * * * I said I was trying to be careful. I was picking my way along. ’ ’
This testimony and other testimony given by the infant claimant impressed the court that for her chronological years she was very mature and for that reason the court made the finding that she was not free from contributory negligence and reached the conclusions of law hereinabove recited. It is true, as counsel now contends, that at the time of the trial Garren Mark was 16 and not 10 years of age. But her testimony related to the time of the accident and her reactions then. Implicit in the court’s decision is the finding that she was in September, 1953 sui juris. Reviewing the testimony, this court can find no reason to alter its decision were it free to do so.
The record herein discloses that findings of fact and conclusions of law dated June 29,1959 were filed with the Clerk of the *66 court and served upon the attorneys for the parties on June 30, 1959. Judgment dismissing the claim was entered July 6, 1959. No appeal has been taken. Notice of this motion, dated August 26,1959 was served September 3, 1959. The court may not now set aside its decision. Statute, rule and court decisions are all contra. (See Civ. Prac. Act, §§ 522, 549, 573 and Rules Civ. Prac., rule 60-a, all of which are binding on this court; Elide v. State of New York, 260 App. Div. 511 [1940]; Stevens v. State of New York, 277 App. Div. 418 [1950].)
Nor are what may seem to be the broader provisions of subdivision 8 of section 9 of the Court of Claims Act sufficient to overcome the limitations imposed by the Civil Practice Act and the Rules of Civil Practice. (Rusciano & Son Corp. v. State of New York, 202 Misc. 368 [1952], affd. 281 App. Div. 733; Cacciatore v. State of New York, 5 Misc 2d 841 [1957], mod. on other grounds 4 A D 2d 928; Morton v. State of New York, 9 Misc 2d 674 [1958], affd. 8 A D 2d 49.)
Accordingly the motion must be denied. Enter order.