Bernard Ryan, P. J.
Claimant sued the State of New York for breach of a contract with the Department of Public Works for the grading, landscaping and other improvements at the Campus site, Albany, New York. The breaches charged consisted of (a) eliminating arbitrarily certain specified items of the work and (b) directing the claimant over his protest to fill in certain low areas in a manner which blocked drainage with a resulting flooding of the site and consequent impediment to claimant’s operations.
The claim came on for trial at Albany on May 7 and 8, 1958. At the conclusion of the trial the court directed that briefs and requests to find should be filed by the claimant’s attorney by June 23 and by the Attorney-General by July 14. This was done in the expectation that the stenographer’s transcript of the testimony, which was ordered by the claimant, would be available on or before June 9. Actually the transcript was filed on August 1, 1958. Under date of August 7 the claimant’s attorney asked for an extension of time. The court granted this request and extended the time to September 20 and later, upon a second written request, to November 15. Subsequently, at the court’s direction, reminders to claimant’s counsel were telephoned by an aide but no briefs or requests were submitted by him. Under date of August 20, 1958 the Attorney-General requested an extension of time to 20 days beyond the receipt by him of the claimant’s brief. This request was granted. Subsequently, however, and on or about April 1, 1959 the trial deputy was orally urged by the court to submit his brief and requests without awaiting the service of his opponent’s documents. Under date of June 19, 1959 the court rendered its decision upon findings of fact and conclusions of law and therein recited that no briefs or requests to find had been filed by either party to the litigation, which was the fact.
The court found: 1. that the elimination of the items by the State Architect was not capricious; and 2. that claimant knew or should have.known from the plans and specifications, and *69 from his inspection of the site before he made his bid, that part of the 18-inch sanitary sewer line must be placed in a low swampy area. The court further found that claimant has failed to establish by a fair preponderance of the evidence that he incurred any expense in removing ponded water from the site over and above that for which he had been paid. Upon these findings, and other essential recitals, the court dismissed the claim except for an award of interest in the amount of $358.84 computed upon a sum admittedly due claimant, which sum had been paid to him pursuant to an earlier judgment of the court entered upon an order of severance. Judgment upon the decision was entered June 24, 1959. Claimant filed notice of appeal to the Appellate Division, Third Department on July 10, 1959 and the Attorney-General served notice of cross appeal on July 17, 1959.
Claimant now makes application by order to show cause for an order vacating and setting aside the judgment heretofore entered herein and opening the decision of the court herein for further consideration by reason of error of fact external to the record and for such other reasons as to the court may seem proper and for other further and different relief as may be appropriate.
Previous to this application claimant’s attorney was under the impression that he had submitted a copy of a brief and requests to find to the Clerk of the court with a letter of transmittal dated February 17, 1959 of which he had a copy. However, a search of the records and files of the court both in the Clerk’s office at Albany and in the Judge’s chambers at Albion failed to produce either the original of the letter or any brief or requests to find. We are confident that the claimant’s attorney is now convinced that they were never delivered. Although the court did not have the benefit of briefs or requests from either party, that is not to say that the court decided the case in haste or without due consideration. The claimant is not satisfied with the court’s decision and has appealed. That is his proper remedy.
The fact that counsel did not comply with the court’s direction and that no briefs or requests were submitted is not such an error of fact not arising upon the trial as is contemplated by section 522 of the Civil Practice Act. Moreover, this court has no power to set aside its decision and judgment. Statute, rule and court decisions are all contra. See sections 549 and 573 of the Civil Practice Act and rule 60-a of the Buies of Civil Practice all of which are binding on this court. (Ehde v. State of New York, 260 App. Div. 511 [1940]; Stevens v. State of New *70 York, 277 App. Div. 418 [1950].) Nor are what may seem to be the broader provisions of subdivision 8 of section 9 of the Court of Claims Act sufficient to overcome the limitations imposed by the Civil Practice Act and the Rules of Civil Practice. (Rusciano & Son Corp. v. State of New York, 202 Misc. 368 [1952], aifd. 281 App. Div. 733; Cacciatore v. State of New York, 5 Misc 2d 841 [1957], mod. on other grounds 4 A D 2d 928; Morton v. State of New York, 9 Misc 2d 674 [1958], affd. 8 A D 2d 49. See, also, Mark v. State of New York, 21 Misc 2d 63 [1959] and cases cited.)
Accordingly the motion must be denied. Enter order.