Bernard Ryan, P. J.
The claimant contracted with the New York State Thruway Authority to make alterations to its division maintenance building at De Witt, New York, according to plans and specifications prepared for the Authority by its architects, Eggers and Higgins, employed under contract. Among other things claimant’s contract required it to construct a free standing chimney 85 feet in height. That smokestack is the subject of this dispute.
Under the heading of masonry, claimant was required to comply with the following specifications:
“ Section 5, Masonry :
“ (1) All brickwork shown on the drawings, using face brick for exposed brickwork and common brick for solid core back-up construction.
“ (2) Concrete block as required for new block partitions and walls, for closing of openings in existing walls and as elsewhere shown or as required.
# # *
“ Note:
Reinforcing steel to be embedded in the chimney is furnished under Section 4 of these specifications but will be set under this Section.”
Claimant’s bid was based on using concrete block back-up for the chimney construction. Claimant’s estimator, it seems, relied upon crosshatching which appeared in a drawing of the chimney section. Crosshatching on the drawings indicated concrete block construction for other parts of the building. Similar crosshatching indicated concrete blocks in the existing structure to which alterations and additions were to be made. Previously claimant had built the existing structure.
Claimant has established several instances in the contract drawings wherein crosshatching definitely indicated the use of concrete blocks. Moreover, its attorney elicited from an employee of the defendant’s contract engineers an admission that there was some inconsistency in the contract drawings. And he has buttressed his argument that claimant’s estimator *982 was misled by these drawings by presenting the opinion of an associate professor in the School of Architecture of Syracuse University as an expert. That witness testified that it is customary to provide a key of symbols on architectural drawings. There was no symbol chart in this instance. The witness further testified that there are numerous symbols used to indicate concrete blocks. He said: “It so happens that it is very common to use the cross hatching in this area ’ ’. The same witness admitted, however, that he had on many occasions observed the use of wide-spaced diagonal crosshatching to indicate common brick, viz. ‘ ‘ I have probably seen it dozens of times.”
When the attention of this witness was called to the requirement of steel reinforcing rods, he stated that the cross section B-B showed reinforcing rods in the middle of the backing. The reinforcing rods called for in the contract were to be 11 feet in length and one-half inch in diameter. The witness then expressed the following opinion: “If this were brick, these reinforcing rods could not be placed in that position because they would be right in the middle of a Y of brick. If this were to be brick, these reinforcing rods would have to be at the third point of this backing to fit in between the brick. By applying a scale to this drawing it is indicated that it is at three-eighths of an inch equals a foot and this is confirmed by the dimension on the drawing. Measuring the depth of this backing is 12 inches. This confirms my opinion that this reinforcing is shown in the middle and, theretofore, must be something other than brick.”
Testimony to the same effect was given by claimant’s estimator.
We are not convinced by these statements. In the first place the fact is that the claimant was required by the defendant to use brick for the solid core back-up. That requirement is the basis of this lawsuit. The chimney was constructed entirely of brick. Although there may be no testimony in the record as to where or how the steel reinforcing rods were installed in the brick as the chimney was built, this court is not going to assume that this important, specified, item was omitted.
Secondly, cross-examination of the expert witness successfully demonstrated the impracticability of his suggested method of construction with concrete blocks. This required the placing of steel rods, of one-half inch diameter and 11-foot length, in the apertures of the concrete blocks. The aperture would be four by four inches if an eight-inch block were used, and six by eight inches if a twelve-inch block — the size the witness *983 recommended — were used. He then proposed that the cells (apertures) could be filled with concrete to give the required stabilizing effect. The direction on the blueprint to: “Fill cells with concrete as req’d ” (required), appears on the drawing for “ typical detail for new joist support ”. This concerns existing structure which, admittedly, was concrete blocks. We do not find logic in the suggestion that this direction was one on which to place reliance that it was intended that the face brick chimney was to be backed up with concrete block. Such design, such construction would be novel.
The only part of the masonry which was to be produced in brick was the chimney. A finely crosshatched line indicated the face brick which was to form the exposed surface. Wider spacing in the diagonal lines delineated the back-up area, on one drawing quite boldly, on the other, faintly. As we stated, there are inconsistencies in the various drawings. But the language of the contract specification is clear. We find that there is not presented here such ambiguity as requires a ruling against the party who prepared the contract and who drew or who was responsible for the accompanying blueprints. (Rusciano & Son Corp. v. State of New York, 201 Misc. 690 [1952], 202 Misc. 368, affd. 281 App. Div. 733.)
Upon the whole record we conclude that a reasonable man, experienced in the construction trades, reading the specifications relating to brickwork would have known, and should have known, that the requirement was for common brick backup. Upon this consideration the claim for the additional cost of the work as performed must be dismissed.
Claimant has collected the amount of $19,075.16, due on the defendant’s final estimate of moneys earned on the contract. This was in pursuance of an order of severance and the judgment entered thereupon. That judgment reserved for present determination claimant’s right to interest on the said sum so awarded. We find that claimant should recover interest thereon from October 30, 1958 to May 19, 1959. There is no testimony in the record before us as to the computation but the Clerk has computed the amount due to be $421.77, and we so find and award. Otherwise the claim is dismissed.