Paul C. Reuss, J.
Burnham Point State Park is a small recreational area consisting of approximately 12 acres located on Boute 12 E approximately three miles east of Cape Vincent in Jefferson County, New York. This park, maintained by the State of New York, provided areas for camping, picknicking, a small bathing beach with bathhouses, a boat livery, and facilities for fishing. There was also a pavilion with sanitary facilities and an “L ’’-shaped dock which projected into the St. Lawrence Biver from the shore, then turned at a 90-degree angle and continued for some distance parallel to the shore. A bathing beach was provided by the State and this area was partly enclosed by the ‘ ‘ L ’ ’-shaped dock and by a rope running from the end of the dock to a buoy and thence to the shore. There were steps at the end of the “L” on the dock leading to the water. Generally there was no lifeguard in attendance and this fact was indicated by several signs posted in conspicuous places.
On July 19, 1959 a local American Legion Post conducted a picnic at Burnham Point State Park, and because of the attendance of the Legionnaires, families and guests a lifeguard was temporarily assigned to the park on that date. He remained on duty from 10:00 a.m. to 6:30 p.m.
• Swimming was permitted within the roped-off area and the lifeguard permitted people to dive from the end of the dock into the river side of the structure; except for the diving, he permitted no protracted swimming on the river side of the dock. Fishing was permitted from the remaining part of the dock on the river side.
The claimant, who was then 13 years of age, arrived at the facility at about 1:00 p.m., accompanied by her parents, to attend the Legion picnic. She went swimming on two occasions in the course of the afternoon and had observed two men fishing from the dock on the river side where the structure made the 90-degree turn.
Sometime after 7:30 that evening in the company of several other children of varying ages she returned to the dock to watch *682 another child swim. With her friends she stood for about 15 to 20 minutes about halfway along the section of the dock parallel to the shore. At the same time several other children approximately 9 to 12 years of age were fishing on the river side of the dock in the same general location.
At this time the claimant was attired in sport clothes and had not been swimming since sometime that afternoon. As she made ready to leave the dock to go home, one of the boys, who was fishing, attempted to cast his line, and struck the claimant in the eye with a fishhook causing injuries thereto. Happily, the injuries were neither severe nor permanent.
The claimant charges that the State was negligent in permitting the boys to fish in the same area where people were sunbathing, swimming, and using the dock for recreational purposes, and in permitting the boys to use the dock without supervision.
John 0. Huley was appointed guardian ad litem for the claimant by order of this court dated August 27, 1959. The claim herein was served upon the Attorney-G-eneral on August 26, 1959 and filed in the office of the Clerk of the Court of Claims on August 27, 1959.
Considerable time was devoted upon the trial to evidence indicating the State permitted fishing and swimming in the same area. It is of little consequence herein, for the infant claimant was not swimming, but was a spectator on the dock who ineidently was watching someone swim. She could have been watching the fisherman for that matter.
The boy whose hook injured the claimant was not produced as a witness and all we know of him is that he was approximately 9 to 12 years of age and was wearing dungarees. There is no evidence that this boy or his companions were boisterous, unruly, or particularly careless, or that the State had knowledge of any such activities. The inference is to the contrary, for the infant claimant and another girl who accompanied her testified they spent 15 to 20 minutes in the general area before the accident and paid little or no attention to the boys who were fishing.
There is no history of any prior accidents at the park. There is no evidence to prove that the presence of a supervisor on the dock would have prevented this accident. There is nothing in the evidence to indicate it was necessary for the State to furnish strict or immediate supervision or bar either spectators or fishermen from the dock at the time of the claimant’s accident.
Most forms of recreation involve some risk of injury. The claimant was 13 years of age and on the trial appeared to be a bright and intelligent girl. At the time of the accident she was sui juris. She had ample opportunity to observe the boys *683 fishing. In fact, she must have been looking in their direction at the time of the accident for she was struck in the eye with the hook. She was obliged to use reasonable care in observing the conditions existing on the dock where she was standing. She was not permitted to disregard such facts and conditions as she saw, as were apparent and visible to any girl of her age using reasonable and ordinary care to observe what actual conditions existed at the time and place of the accident (Mark v. State of New York, 21 Misc 2d 63).
In standing on the dock where the fishing was permitted she assumed a risk of a hook going astray as a fisherman was casting his line (cf. Rabiner v. Rosenberg, 176 Misc. 885).
Negligence arises from breach of duty and is relative to time, place and circumstances (Caldwell v. Village of Island Park, 304 N. Y. 268).
Three or four boys quietly fishing at the end of a dock hardly create a situation requiring the presence of a lifeguard or park police to prevent accidental injury from a fishhook to a spectator.
Under the circumstances, we cannot say the State was negligent in that it breached any duty to the infant claimant.
On the other hand we find that the infant claimant was on the dock long enough to have observed the boys fishing and was capable of realizing the danger of remaining in the vicinity as a spectator, and hence assumed the risk incidental thereto.
The claim herein must be and hereby is dismissed.