Henry W. Lengyel, J.
The claim herein was an appropriation claim brought by the owners of certain real property located in Oneida County, New York, which was totally appropriated by the State of New York. The court’s decision awarded said owners $39,950, with interest, as the fair and reasonable market value of said property. The State by its motion, which was served on March 12, 1965, advised the court that the tenant on said property had been paid for his interest in the property prior to the trial of this claim and requests a new trial on the *1061 value of the tenant’s interest. The basis for the State’s motion is that the State would have been entitled to offer expert testimony at the trial as to the fair market value of the tenant’s interest but that at the time of said trial such expert testimony, which is now available, was not available to the State’s trial counsel.
There is no question that, if the State had proffered testimony at the trial relative to the value, if any, of tenant’s lease, the court would have received such testimony; and, assuming a finding of fair market value in the lease, we would have reduced the over-all award to the owners by that amount. However, the State made no reference to a lease with fair market value during the trial of this claim. The court knew of the lease because claimants’ counsel offered same in evidence and it was received. However, neither appraiser testified to any value in the lease.
It is clear that if we deny this motion the claimants may have been unjustly enriched ¡by the fair market value of the lease. This may not necessarily be the amount which someone in the State decided should be paid to this tenant in settlement of his leasehold claim. It is equally clear that if we grant this motion and find no value in the lease that claimants will have incurred additional and unnecessary expense in the litigation of their claim.
Our decision was rendered on December 1,1964, and filed with the Clerk of the Court of Claims on December 18, 1964. The parties were given 10 days in which to file findings of fact and as same were not filed they were deemed waived. As this motion was served on March 12, 1965, it is well after the 15-day limitation set forth in CPLR 4405. As we consider said 15-day time limit applies to a motion made by a party for a new trial under CPLR 4404, the State’s motion was not timely made. As was stated in Cacciatore v. State of New York (5 Misc 2d 841-842, mod. on other grounds 4 A D 2d 928): “ A trial judge has no authority to make a substantial change in his decision containing findings of fact and conclusions of law and directing the entry of judgment (President & Directors of Manhattan Co. v. Erlandsen, 36 N. Y. S. 2d 136, affd. 266 App. Div. 883, motion for leave to appeal denied 266 App. Div. 924). He has the authority to entertain a motion for a new trial and upon the hearing to amend findings of fact and conclusions of law and to render a new decision (Court of Claims Act, § 9, subd. 8; Civ. Prac. Act, § 549), provided, the application is made within 15 days after the decision is rendered (Rules Civ. Prac., rule 60-a).” (See, also, Mark v. State of New York, 21 Misc 2d 63, 66; Mazzeo v. Gelb, 1 A D 2d 916.)
*1062 CPLR 4404 also gives the court in a nonjury trial the power to set aside a decision on its own initiative. It is our opinion that this is a discretionary power not controlled by the 15-day limitation set forth in CPLB. 4405. In Schroeder v. Syracuse Tr. Cory. (9 A D 2d 1012,1013), it was stated: “ The trial court had the right to set aside the verdict and to order a new trial, because of errors of law or fact, upon its own motion, in the exercise of its inherent power.” However, before we exercise such inherent power there must be an overriding and persuasive reason. This we do not have in the instant motion.
Although it is not stated in the State’s very brief affidavit, it seems clear to the court that someone in one of the State’s many departments made an error in settling with a tenant while the owners’ claim was still pending. This perhaps is a concomitant of big government. We do not know whether such settlement was drawn to trial counsel’s attention prior to or at the trial. As we consider the Assistant Attorney-General who tried this claim for the State an exceedingly well-qualified and able trial lawyer, we doubt that this information had been made available to him prior to or at the trial. To now ask this court to set aside a decision after a fair and full trial in which the claimants honestly and fairly set forth all facets of their claim, a trial in which the State had the same opportunity, is to ask us to place an inequitable and expensive burden upon these litigants. Certainly, and to paraphrase the United States Supreme Court, one trial for one claim should be sufficient, particularly in view of our crowded calendars. If there was fraud on the claimants’ part, and there was none; or, if there was newly discovered evidence which met the tests set forth in Gunther v. Heath (282 App. Div. 802); Collins v. Central Trust Co. of Rochester (229 App. Div. 363); Stoddard v. Stoddard (37 N. Y. S. 2d, 605, affd. 37 N. Y. S. 2d 488); Garvey v. United States Horse & Cattle Show (22 N. Y. S. 929) and there was none, we would grant a new trial.
To ask us to believe that the State settled the tenant’s claim before this trial without an expert opinion on the value of that claim and that only now is such expert opinion available, is to ask us to strain our credulity. The motion is denied.