ARLEN OF NANUET, INC., et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 39972.)

BERNARD S. SIEGEL et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 40099.)

Court of Claims, February 21, 1967.

*Skinner & Bermant, Leddy & Raber (Bernard L. Bermant* of counsel), for Arlen of Nanuet, Inc., claimant. *David Marcus* for Bernard S. Siegel and others, claimants. *Louis J. Lefkowitz, Attorney-General (Robert Schwartz* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. The claim herein was an appropriation claim brought by the owners of certain real property located in Rockland County, New York, which was appropriated by the State of New York. This court, after trial, awarded said owners $702,610 with interest, as the fair and reasonable market value of said property in a decision filed on July 22, 1966. Subsequently, on December 5, 1966, a period in excess of four months after the decision was filed in the appropriation claim, the State brought this motion pursuant to CPLR 4404 for an order dismissing the claim of claimants Siegel, et al.

Insofar as the moving papers rely upon CPLR 4404 as a basis for the granting of the relief requested, it is the court's opinion that the motion is untimely. CPLR 4404 must be read in conjunction with CPLR 4405 which states as follows: " A motion under this rule shall be made before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury ".

This rule is binding upon the Court of Claims. (*Mark* v. *State of New York,* 21 Misc 2d 63; *Trimpoli* v. *State of New York,* 21 Misc 2d 67.) The determinative date has been deemed to be the date on which the decision is filed. (*Bernstein* v. *Swidunovich,* 44 Misc 2d 728.) Since the relief requested herein was brought on by way of motion, the question of whether the time limitation of the rule would be applicable in a case where the court on its own initiative set aside its decision is not before us. (Cf. *Moore* v. *State of New York,* 45 Misc 2d 1060.) Accordingly, we do not now determine that issue.

Nonetheless, even though the court is of the opinion that the motion as made is untimely, the moving papers do assert a lack of jurisdiction on the part of the court to have rendered judgment in favor of the claimants. Since this is a ground also available to the defendant under CPLR 5015 (subd. [a]) and if the motion had been made pursuant to that rule it would have been timely, the court will deem it to have been so made and treat it on the merits.

Claimants were the owners in fee of certain real property located in Rockland County. On or about May 10, 1961, the State of New York filed Map 50, Parcel 75 in the office of the Clerk of the County of Rockland, appropriating the property. Shortly thereafter, on or about June 27, 1961, claimants entered into an agreement with seven other individuals to form a partnership to be known as Rockland Hub Associates. As their contribution to the partnership capital, the claimants herein assigned their interest in the real property which had been acquired by the State. Thereafter, on February 7, 1962, the claimants filed this claim in their individual names.

The State now contends on this motion that the claim resided in the partnership, and not in these individual members, and they were not the proper parties entitled to receive payment. Stated differently, the argument is presented that since there were seven other individuals comprising the partnership who were not named in the claim, nor was the partnership itself, the claim is defective and the court lacked jurisdiction to hear and determine the same.

Although no partnership certificate was ever filed as required under section 440 of the Penal Law, it is clear from the partnership agreement, a copy of which was annexed to the moving papers, that what the parties intended to and did in fact form, was a limited partnership. The five claimants were designated as the managing partners, while the remaining seven were designated as the investing partners. The role of each of these classifications was succinctly set forth in paragraphs 8 (a) and (b) of the partnership agreement. These provisions read as follows:

" 8. The Partners shall not have equal rights in the management and conduct of the Partnership business.

" (a) The Investing Partners shall take no part in, or interfere in any manner with, the conduct or control of the Partnership business or the sale, leasing or refinancing of its assets and shall have no right or authority to act for or bind the Partnership.

1012

" (b) The right to manage and conduct the Partnership business shall be vested exclusively in the Managing Partners, and all decisions affecting the Partnership, its policy and management, including the sale, leasing or refinancing of its assets, shall be made by said Managing Partners."

It appears clear from the above that those partners designated as investing partners were, in fact, the limited partners, while the claimants were the general partners of Rockland Hub Associates. Under such circumstances, the seven limited partners individually would not have been proper parties to this claim, and their inclusion as claimants would have been erroneous. (Partnership Law, § 115.)

The question remaining is whether the five general partners were obliged to file this claim under the style and name of Rockland Hub Associates. CPLR 1025 allows for the bringing of an action in the partnership name, and to have done so would have been proper. However, this section is permissive in nature and does not mandate such a course. (See *Ruzicka* v. *Rager*, 305 N. Y. 191, mot. for rearg. den. 305 N. Y. 798.) Where all the general partners comprising a limited partnership are named in the caption of the claim, it may be fairly stated that the action is being brought on behalf and for the benefit of the partnership, even though it would have been more convenient if the caption of the action contained the customary phrases showing claimants' relationship to the partnership. (Cf. *Yeager* v. *Transvision, Inc.*, 277 App. Div. 986; *Merrick* v. *New York Subways Adv. Co.*, 14 Misc 2d 456.)

Accordingly, the defendant's motion to dismiss is denied in all respects.