### (April 29, 1969)

GUSSIE GROSS et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 32735).—*Per Curiam.* Appeal from (1) a judgment in favor of claimants, entered May 24, 1966, upon a decision of the Court of Claims dated February 26, 1960, which judgment awarded $1,950, plus interest, for permanent appropriation of and a temporary easement over certain premises of claimants in Sullivan County; (2) an order of the Court of Claims, entered April 26, 1966, which recalled the directions to refer certain motions to the Trial Judge and transferred same to the Albany District Motion Calendar on May 3, 1966; (3) an order of the Court of Claims, entered May 3, 1966, which denied claimants' motion to set aside said decision and to reopen the hearing held on December 8, 1959; (4) an order of the Court of Claims, entered May 3, 1966, directing the entry of judgment on said decision with a provision for the suspension of interest on April 10, 1960, the proceeds of said judgment to be deposited by the Comptroller pursuant to section 22 of the Court of Claims Act; and (5) an order of the Court of Claims, entered January 19, 1967, which denied claimants' motion for leave to file an amended claim and to vacate said judgment, orders and decision and to reopen said hearing. The motion, made in 1966 to set aside the decision filed February 26, 1960 and to reopen the hearing preceding it so as to take further testimony, was not made within 15 days after decision nor before the Judge who presided at the trial (CPLR 4405, 4404, subd. [b]; *Hill* v. *State of New York,* 29 A D 2d 824; cf. *Matter of Wierzbieniec* v. *Przewlocki,* 54 Misc 2d 83; *Arlen of Nanuet* v. *State of New York,* 52 Misc 2d 1009), nor was any adequate reason advanced for such an untimely application (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4405.05). The statutory "notification in writing by the attorney-general to the claimant or his attorney" having been served March 10, 1960, there was a right to suspend interest on April 10, 1960 (Court of Claims Act, § 19, subd. 4; *Grossinger Realty Corp.* v. *State of New York,* 20 A D 2d 602, affd. 15 N Y 2d 541); and, it being uncontradicted that there was an "apparent lien or incumbrance on the property appropriated" and, in the absence of a consent by the owner of such lien or incumbrance, the order directing deposit pursuant to section 22 of the Court of Claims Act was justified. The tenure of the Trial Judge as a Judge of the Court of Claims having ceased on December 31, 1960, the recall of the referral of motions made thereafter to him was proper. There has been no showing of prejudice resulting from the transfer of certain motions to the Albany District Motion

Calendar, in which district the claim arose and was tried (Rules of Court of Claims, rule 8). Compensation for the taking of the .052 acre parcel, the .047 acre parcel and the permanent easement covering .403 of an acre, being a partial taking, was determined upon the basis of the difference between the market value of the whole before the taking and that which remained thereafter (cf. *Matter of City of New York* [*Newtown Creek Waterway*], 284 N. Y. 493, 497–498), for which there was an adequate basis in the record, and, based on the evidence before the trial court, no reason has been advanced to indicate an improper method of valuation. The value of $150 given for the temporary easement was $50 more than the " nominal value, $100 " testified to by claimants' sole witness. Claimants did not fulfill their burden of establishing that despite due diligence they could not have discovered the " new evidence ". in preparing their case for trial, as well as the genuineness and materiality of same; and this court should not interfere with the discretion of the trial court in denying the motion to vacate the judgment and reopen the hearing (*Buckman* v. *Perry's Taxi*, 24 A D 2d 913; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4404.27, 4404.29). Judgment and orders affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam.*